[No. 591.   August 31, 1895.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. JAMES BARRETT, APPELLANT.

CRIMINAL LAW—PLEA IN ABATEMENT— PRESUMPTION.—On appeal in a criminal case, where the record does not show that a hearing was urged on a plea in abatement, the presumption is that the plea was abandoned.

ID.—PLEA OF NOT GUILTY, WITHDRAWAL OF—CHANGE OF VENUE—MOTION TO QUASH—JUDICIAL DISCRETION.—The trial court has discretionary power to refuse to permit defendant, after he has been granted a change of venue, to withdraw a plea of not guilty and substitute a motion to quash.

ID.—GRAND JURORS, OBJECTION TO QUALIFICATIONS OF, TOO LATE, WHEN.
An objection to the qualifications of a grand juror comes too late on
motion in arrest.

ID.—STATEMENT NOT INCORPORATED IN BILL OF EXCEPTIONS—IMPEACH-
MENT OF RECORD.—A statement not incorporated in a bill of excep-
tions can not be used to contradict the record, and will not be
considered on appeal.

APPEAL from the Fifth Judicial District Court,
Eddy County.    Affirmed.

The facts are stated in the opinion of the court.

EDWARD L. BARTLETT, solicitor general, for the
territory.

LAUGHLIN, J.—The defendant, James Barrett, was
indicted by the grand jury of Eddy county, in the Fifth
judicial district, at the November, 1893, term, for the
crime of murder in the first degree of John Holihan, in
said county, on the twenty-third day of July, 1893, and
on the sixteenth day of November, 1893, was arraigned
and entered his plea of not guilty as charged in the in-
dictment; and on the next day, it being made to appear
that the defendant was too poor to employ counsel, and
to secure witnesses for his proper defense, the court
assigned two members of the bar to defend him, and
ordered compulsory process for the witnesses desired
by the defendant.    And the case was set down for trial
on the twenty-first day of that month, and on that day
defendant filed a plea in abatement under oath, alleg-
ing that two of the grand jurors who sat upon the cause
and returned the indictment were not residents of Eddy
county, but were at that time, and had been for six
months previous thereto, residents and taxpayers of
Lincoln county, but it does not appear from the plea

that defendant did not know at and prior to the time
he entered his plea of not guilty to the merits, that the
two grand jurors were not legally qualified to act as
such. On the same day he filed his plea in abatement
he also filed a motion for a change of venue in which
he stated: "That your defendant only asks for a fair
and impartial trial, and when he is given a county that
is free from impressions as mentioned herein he is sat-
isfied; that he suggests Lincoln county, because he
thinks the people have had less opportunity to hear of
this cause than those of Chaves county, and, as he has
before stated herein, that is all he desires;" and the
motion was granted, and the venue was changed for
trial to Lincoln county. After the venue had been so
changed, the defendant moved the court for leave to
withdraw his plea of not guilty, and to quash the in-
dictment, and to dismiss the case, which motion was,
after argument by counsel, denied, to which ruling of
the court the defendant excepted. At the March, 1894,
term of the district court for said Lincoln county the
case was called and set for trial for the second Tuesday
of the term. On the day set for trial both parties
announced themselves ready, and the trial proceeded,
and after all the testimony was in, and the arguments
were heard by the jury, and the case was closed, the
court charged fully on the law of murder in the first
degree only, and the jury, after consideration, found
the defendant guilty as charged, and so returned the
verdict. The defendant thereupon filed his motion in
arrest of judgment, and set up that one of the grand
jurors named in his first motion was not a resident of
Eddy county, but was a resident of Lincoln county;
and also a motion for a new trial, and another motion
in arrest,—all of which motions were denied by the
court, and duly excepted to by the counsel for defend-
ant. And the court thereupon passed sentence of

death in legal form upon the defendant. From all of which rulings of the court the case is here on appeal, and it is made the duty of this court to seriously consider all the rulings of the court below material to the defendant.

The first question for consideration is as to the refusal of the trial court to allow defendant to withdraw his plea of not guilty. This was a plea to the merits of the case, and was entered some five days before he filed his plea in abatement to test the qualifications of two members of the grand jury, and the motion for leave to withdraw his plea was not presented to the court until after the defendant had secured a change of venue to another county for the trial of the case, and in his motion for change of venue he stated that that was all he desired. The record does not show that he ever urged a hearing on his plea in abatement, and, if anything is shown by the record, it is that he had no faith in his plea, and had abandoned it, and did not wish to further pursue it; and it is here presumed that he did so abandon it. This presumption is further supported from the fact appearing in the record that when he filed his motion in arrest, after the verdict, he stated that only one of the two grand jurors named in his plea of abatement was disqualified by reason of non-residence in Eddy county. If the defendant had filed his plea in abatement as to the qualifications of members of the grand jury before he entered his plea to the merits, it would have been the duty of the territory to join issue, and the court to hear and determine the issue so made. People v. Kinsey, 51 Cal. 278; People v. Fuqua, 61 Cal. 377. But the defendant did not do this. He waited until the venue of the case had been changed to another county, and the jurisdiction over the subject-matter in that case in that

*CRIMINAL law: plea in abatement: presumption.*

*WITHDRAWAL of plea of not guilty: change of venue: motion to quash: judicial discretion.*

county had virtually ceased before he moved for leave
to withdraw his plea to the merits. And he did not
renew. his motion for leave before trial in Lincoln
county, but announced that he was ready for trial on
the merits. This, then, leaves nothing but the ruling
of the court on the motion to withdraw the plea, and
this rested in the discretion of the court, and no cir-
cumstances are shown which would indicate that there
was any abuse of that discretion. People v. Lee, 17 Cal.
76; People v. Shem Ah Fook, 64 Cal. 380, 1 Pac. 347.
The defendant, after verdict, filed his motion in arrest
on the ground of disqualification of one of
OBJECTION to the grand jurors, but this objection came
qualifications of
grand jurors, too too late, as he had waived that objection
late, when.
by going to trial on the merits. 1 Bish.,
Cr. Proc., secs. 875, 886, 887; Territory v. Abeita, 1
N. M. 546; Territory v. Baker, 4 N. M. 236; Ander-
son v. Territory, Id. 213.

In the motion of defendant for a new trial after
sentence of death had been passed upon him he sets
out seven grounds, only one of which will be consid-
ered, which is the sixth: "Because the court ruled the
defendant to exhaust his peremptory challenges so far
as he wished in regard to the members of the general
venire before a special venire was drawn." If this
statement for a new trial was true, and borne out by
the record in the case, it would present a
STATEMENT not different question, as under our statute
incorporated in
bill of excep- (Comp. Laws, sec. 2190) it becomes the
tions: impeach-
ment of record. duty of the court to examine all the record
of the court below, and pass upon it. In this case none
of the testimony or proceedings in the court below are
incorporated in the record by bill of exceptions, and we
have to take the record as we find it, with all the pre-
sumptions in favor of the regularity and legality of the
proceedings in the court below. This court and the
supreme court of the United States have decided in

numerous cases that the overruling of a motion for a
new trial is not sufficient grounds to reverse a decision
in the court below. The above paragraph in the motion
for a new trial is the simple statement, not under oath,
of the attorneys for the defendant, while the record
with reference to the impaneling of the jury, found at
pages 12 and 13 of the transcript, does not anywhere
show that any challenges, peremptory or otherwise,
were asked or granted or refused by or against the de-
fendant, as will be seen by the following copy of the
transcript in that particular: "Now comes the terri-
tory, by her district attorney, and comes the defendant,
James Barrett, in his own proper person, in the cus-
tody of the sheriff, and accompanied by counsel, and
now, both parties announcing themselves ready for
trial, come the following named persons, to wit [giving
the names of nine], who, having been duly selected and
examined and qualified as jurors for the trial of the
issues joined in this cause pending, and it now appearing
that there are nine duly qualified jurors aforesaid pres-
ent from the trial of the issue in this cause pending; and
it further appearing to the court that the regular panel
of the petit jury for the present term of this court is
exhausted by reason of the challenges exercised by the
parties herein, and the jury for the trial of this cause
not being complete, the court draws the names of
twenty-four additional persons from jury box num-
ber 2, of the county of Lincoln, and doth order that
a special venire issue for such persons as petit jurors,
returnable on the incoming of court to-morrow even-
ing, which is done accordingly.   *   *   *   And
thereafter, on the twenty-third day of March, A. D.
1894, the following, among other, proceedings were
had: 'Now, again, comes the territory, by her district
attorney, and comes the defendant, James Barrett, in
his own proper person in the custody of the sheriff, and
accompanied by counsel, and come the nine jurors who

have been heretofore duly examined, qualified, and accepted as jurors in this cause. And now comes the sheriff and returns into court the special venire heretofore, on the twenty-first day of March, 1894, issued, for petit jurors, which shows the following named persons to have been summoned by him to appear in open court, and, being each duly examined under oath, are found to be qualified to serve as petit jurors at the present term of this court [here follows list of jurymen entered in venire]. And now the following named persons, to wit [naming three], are duly selected, examined, and qualified as jurors to complete the panel of the jury for the trial of the issues joined in this cause pending, and now the following jury, to wit [naming twelve], twelve good and lawful men taken from the county of Lincoln, having been duly selected, drawn, accepted, and impaneled, are sworn to well and truly try the issues joined in this cause pending, and a true deliverance make between the prisoner at the bar and the territory of New Mexico, and a true verdict render according to the law and the evidence.' " If the simple statement of counsel for defendant, not under oath, is to be taken in this court as contradicting the record of the cause, reversals of criminal cases in this court will only be limited by the ingenuity of counsel in framing statements of reversible error, which may only exist in his fertile brain. In this case the defendant was sentenced to death, and he had every inducement to present all the facts to this court upon which the judgment of the court below might possibly be reversed; and, if the challenges referred to in his motion for a new trial were, as a matter of fact, asked and refused, it is only reasonable to suppose that he would have incorporated the fact into this record in a bill of exceptions, and it would be here before the court for consideration in legal form. The only allusion contained in the record of this case as to challenging jurors

is as follows, found at page 13 of transcript: "And it
further appearing to the court that the regular panel of
the petit jury for the present term of the court is ex-
hausted by reason of the challenges exercised by the
parties herein," etc.   It can not be contended that this
court must assume from this language all the facts
stated in the defendant's six grounds for a new trial,
which contradict the record itself, as well as the pre-
sumption always made in such cases that the action of
the court was regular and legal.   If the defendant had
incorporated his motion for a new trial in arrest of
judgment and for an appeal in the bill of exceptions,
and had had the same allowed and signed by the judge
in the court below, and then brought the same here on
appeal in proper form, this court would have been
bound to consider and pass upon all errors so appear-
ing therein; and then, if it had then appeared in the
bill of exceptions so allowed and signed by the judge
that the defendant had been required to exhaust all the
peremptory challenges he desired out of the regular
panel before another venire was issued, and when a less
number than twelve men were in the box, this might
be reversible error; because a defendant is not required
to exercise and challenge for cause or peremptorily
when a less number than a full panel of twelve men are
in the jury box.   If this were not the law, a defendant
might be required to accept jurors out of the new panel
which he would challenge if he had not been required
to exhaust his right to challenges out of the regular
panel, and he might be compelled to accept men to his
prejudice, and thereby be deprived of a fair and impar-
tial jury.   But there is nothing to show any such state
of facts in this case.

Contents of motions, papers, and affidavits filed
with the clerk by counsel, and not incorporated in a
bill of exceptions, and so properly brought here, can
not be considered by this court, it matters not what

such contents are; and courts should not permit such papers to be filed with the clerk until the contents of the same are brought to the attention of the court; and clerks should not be permitted to copy any such papers, and certify them to this court as any part of the record. It appearing from an examination of all the record of the proceedings in the court below that the defendant had a fair and impartial trial on the merits, at a place of his own selection, the judgment of the court below is affirmed. And it appearing that the order of this court affirming the judgment of the court below can not reach the sheriff of Eddy county in sufficient time for the execution of the death sentence on the day fixed by the lower court, it is here ordered that the execution of the sentence of the court below be carried into effect on the second Friday of September, the same being the fourteenth day of September, A. D. 1894; and it is further ordered that the sheriff of Eddy county, New Mexico, execute the death sentence upon the said defendant, James Barrett, in full compliance with the order of the court below, on the said second Friday of September, the same being the fourteenth day of September, 1894; and it is so ordered.

SMITH, C. J., and FALL and COLLIER, JJ., concur.