[In Bank. — December 24, 1883.]

THE PEOPLE, RESPONDENT, *v.* SHEM AH FOOK AND WANG AH TIE, APPELLANTS.

CRIMINAL LAW — PRACTICE — WITHDRAWAL OF PLEA OF NOT GUILTY AND INTERPOSITION OF DEMURRER AND MOTION — DISCRETION. — It is not an abuse of discretion by the trial court to refuse to allow a defendant to withdraw his plea of not guilty, and interpose a demurrer to the information and a motion to set it aside.

ID. — MOTION TO SET ASIDE INFORMATION — COMMITMENT. — It is not error to deny a motion to set aside an information subscribed by the district attorney where it does not affirmatively appear that before the filing thereof the defendant had not been legally committed by a magistrate.

ID. — EVIDENCE — CONDUCT OF DEFENDANTS WHEN ARRESTED. — Evidence of the defendant's manner and conduct when arrested, and comments upon the same made by a third person at the time, in the presence and hearing of the defendant, is admissible against him.

ID. — PRACTICE — LEADING QUESTIONS. — It is a matter of judicial discretion to allow the prosecution to put leading questions to its own witnesses.

ID. — EVIDENCE — ADMISSIONS AFTER ARREST. — The refusal to strike out testimony as to the admissions by defendants, made after their arrest, while in the sheriff's office and in the jail, is not error, where there is nothing to show that such admissions were not voluntary.

ID. — Admissions made by one defendant in a conversation with a third person are competent evidence against him on the trial of two defendants jointly for murder.

ID. — STATEMENTS OF COUNSEL IN THE ARGUMENT — EXCEPTIONS. — Objections by defendants to the statements of counsel for the people in the argument, and in the presence of the jury, cannot be considered on appeal where no ruling of the trial court was demanded or made with reference to such statements.

ID. — INSTRUCTIONS — READING CASES OF CIRCUMSTANTIAL EVIDENCE BEFORE JURY. — It was not error for the trial court to instruct the jury against attaching too much importance to certain cases called to their attention by counsel for defendants showing instances in which innocent persons had been convicted upon circumstantial evidence.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The defendants were charged with murder. At the trial certain admissions of the defendants, made in conversations between themselves, and overheard by the witnesses for the prosecution who had been so placed that they could overhear what was said, were admitted in evidence, and the court refused to strike them out. In instructing the jury the court charged them against attaching too much importance to certain cases · which were called to their attention by counsel for the defendants showing in how many instances innocent persons had been convicted upon circumstantial evidence. The remaining facts appear in the opinion of the court.

*Thomas D. Riordan,* and *W. Barry,* for Appellants.

*Attorney-General Marshall,* for Respondent.

PER CURIAM. — 1. We cannot say the court below abused its

discretion in refusing to allow defendants to withdraw the plea of *not guilty*, and to interpose a demurrer and motion to set aside the information.

2. Nor did the court err in denying defendants' motion to dismiss the information. On motion of defendant an information may be set aside if it be not signed by the district attorney, or if, before the filing thereof, the defendant was not legally committed by a magistrate. (Pen. Code, § 995.) In the case at bar, the information was subscribed by the district attorney of the county, and the transcript does not show but that the defendants were legally committed by a magistrate.

3. The court properly disallowed defendants' challenge to the panel of jurors. There was no material departure from the forms prescribed for the drawing and return of juries. (Pen. Code, § 1059.)

4, 5, 6, 7. We think the testimony of the witness Witt as to the manner and conduct of defendant Shem Ah Fook, and the witness' statement that another person spoke of the peculiarity of defendant's manner at the time, was admissible. Nor was the testimony of the constable, Meade, as to defendants' manner and conduct when he arrested them, inadmissible, taken in connection with the declarations of Shem Ah Fook.

8, 9, 10. The eighth, ninth, and tenth points of appellants are based on objections to questions of the prosecution, on the ground that they were leading questions. It was for the court below, in its wise discretion, to permit questions leading in form.

11, 12. There was no material error in denying defendants' motion to strike out the testimony of the witness, Millard, nor in overruling the objection to Hubner's testifying. As to the statements said by the witness to have been made by defendants, in the *evening, in the sheriff's office,* and in the interval between the first and second day's proceedings before the committing magistrate, however liable to abuse such mode of securing evidence may be, we cannot say that the statements of defendants, as testified to, were not voluntarily made. There is nothing in the transcript to indicate that the statements made by defendants to each other in their cells in the jail were not voluntary.

13. The objection to the testimony of the witness Hubner, as

to admissions of Ah Tie in conversation with Ah Ping, was properly overruled. Such admissions were proper evidence against defendant Ah Tie.

14, 15, 16. The "exceptions" or objections to statements of counsel for the people in argument, and in the presence of the jury, cannot be considered. No action of the court with reference to such statements was demanded or requested, nor was there any exception to the ruling or action of the court.

17. The court gave the instructions which were given as a charge of the court.

18. The court did not err in instructing as to counsel reading from cases where convictions have been had upon circumstantial evidence. (*People* v. *Cronin*, 34 Cal. 191.)

Judgment and order affirmed.

Petition for rehearing denied.