[No. 20770.   Department Two. — May 16, 1891.]

THE PEOPLE, RESPONDENT, *v.* MARGARET MER-KLE, APPELLANT.

NEW TRIAL — DISCRETION — CREDIBILITY OF WITNESSES. — Granting or refusing a new trial rests largely in the discretion of the trial court, and an order denying a new trial will not be reversed, where it appears that the question presented by the motion for a new trial necessarily involved a consideration of the credibility of the witnesses.

ID. — HOMICIDE — HUSBAND AND WIFE — EVIDENCE — PRIVILEGED COMMUNICATION — NEWLY DISCOVERED EVIDENCE. — Affidavits on a motion for a new trial of a female defendant found guilty of manslaughter, made by herself and her husband, to the effect that he, and not the defendant, committed the homicide, and that he told her of that fact before the trial, but refused to allow her to use the communication in her defense, are not *per se* ground for a new trial, as the question of the truth of such affidavit is a matter for the consideration of the trial judge, and to be determined by reference to all the evidence in the case.

APPEAL from a judgment of the Superior Court of Napa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Henry Hogan*, and *William Gwynn, Jr.*, for Appellant.

*Attorney-General Hart*, for Respondent.

DE HAVEN, J. — The defendant, Margaret Merkle, was charged, by information, with the murder of one Joseph Von Wyl. Upon her trial, the jury returned a verdict finding her guilty of manslaughter, and she was thereupon sentenced to imprisonment in the state prison for the term of five years. From this judgment, and an order denying her motion for a new trial, she appeals.

The ground upon which appellant chiefly relies for a reversal of this judgment and order is her contention that the court erred in not granting her motion for a new trial on account of newly discovered evidence which she was not able to produce upon the trial. The nature of this evidence fully appears in the affidavits of herself and husband filed in support of her motion in the court below. The affidavit of the husband is, in substance, that he, and not the appellant, committed the homicide; that he told her of the fact that he had done this before the trial, but that he refused to allow her to use the communication in any way in her defense, and that the fact was not during the trial made known to the attorneys for appellant. This affidavit sets out in minute detail the circumstances under which the affiant claims that he inflicted upon Von Wyl the wound which resulted in his death. The affidavit of appellant is to the effect that before her trial her husband told her that he himself had cut Von Wyl, and then proceeds: "I did not see him cut Von Wyl, and all I know about Von Wyl being cut is from what my husband then said to me, and he has never given me

permission to state, in court or otherwise, what he confided to me. I asked him if he did not think it would be best for me to state what he had told me about his cutting Von Wyl, and he replied, 'No; do not state that which I told you; you are innocent of any crime, and they will not convict you.' I know that the law cannot compel a wife to testify against her husband, except with his consent, except in cases of criminal violence upon one by the other. I knew that I was innocent, and I did not believe that I would be convicted, and never told any person what my husband had told me relative to his cutting Von Wyl, and I thought it was my duty not to say anything about it." The husband was a witness upon the trial, and testified with particularity as to what he then claimed took place between himself, Von Wyl, the appellant, and others, immediately preceding the death of Von Wyl.

We do not consider the fact that appellant could not have produced upon her trial the evidence set out in the affidavit of her husband without his consent, and that such consent was refused, as one which would conclusively entitle her to a new trial. But undoubtedly it was the duty of the court below, in passing upon appellant's motion, to give most careful consideration to these affidavits, and if, when weighed in connection with the evidence given upon the trial, there would be in the mind of the judge a reasonable doubt as to the justice of the verdict, a new trial should have been granted. The supreme court of Mississippi in *Cavanah* v. *State*, 56 Miss. 310, in which case a new trial was asked upon the ground that a person incompetent to testify upon the trial had since been rendered competent, use this language, which we consider equally applicable here: " We do not consider this as *per se* a ground for a new trial. It is to be considered. It is an important element, and may be entitled to much weight, as one cir-

cumstance in determining a motion for a new trial, but it has no higher character than this. In some cases it would be more persuasive than in others. In no case is it alone sufficient to entitle a party to a new trial. Each case must be determined by its circumstances, and the new trial granted or refused, according to the view taken of the whole evidence, in connection with the evidence of the acquitted party, now made competent as a witness for the other."

Granting or refusing a new trial must necessarily rest largely in the discretion of the court in which the trial has been had, and we cannot say, from the record before us, that the court below failed to exercise a fair and reasonable judgment in denying the motion of appellant. The court was not bound to accept as true the confession of the husband, that he alone committed the homicide, and which exonerated the appellant from the charge against her, so far as his affidavit could do so, but it was the duty of the judge to consider the probability of its truth when placed beside all the other evidence in the case. In thus viewing it, the court must necessarily have passed upon the credibility of Hancock, the main witness for the prosecution, who testified clearly to the fact that appellant had a knife, and with it struck at the deceased, in the rencounter immediately preceding his death, and whose testimony, if true, makes it hard to believe that any other than she could have inflicted the wound which caused the death of Von Wyl. In addition to this positive testimony of the witness Hancock, it was proper for the court to consider that no one of the witnesses to the occurrences immediately preceding the death of Von Wyl saw the husband engaged in the conflict at the time when he now says that he cut Von Wyl, and that no one of those present during the altercation and fight immediately preceding his death appears to have suspected that the husband did the cutting.

It is sufficient, however, to say that the whole question presented by appellant's motion for a new trial necessarily involved a consideration of the credibility of the witnesses who testified upon the trial, and we cannot say that the court erred in its judgment as to the witnesses to whom credit should be given.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.