[No. 21193.   Department One.—April 15, 1895.]

# THE PEOPLE, RESPONDENT, *v.* PAOLO FRIGERIO, APPELLANT.

CRIMINAL LAW—SUFFICIENCY OF INFORMATION.—Where an offense is charged in the information in the language of the statute the information is in substantial compliance with the requirements of the code, and a demurrer thereto is not well taken.

ID.—SWINDLING BY USE OF CARDS — LARCENY. — Where a defendant is charged with a felony committed by fraudulently obtaining money from another person by trick and device by the use of cards, and the evidence discloses that the means employed was a trick of the defendant and his confederate of pretending to play a game of cards, wherein the defendant, as an inducement to the prosecuting witness to part with his money, was permitted repeatedly to win; but the moment the money of the prosecutor was put up, it was apparently lost by the defendant to his confederate, who immediately disappeared with it, the evidence is sufficient to sustain a conviction under the information; and the fact that the circumstances disclosed are such that the defendant might have been charged with and convicted of larceny does not make the offense any less one of the special class provided for in section 332 of the Penal Code, nor render the defendant less amenable to a prosecution under that section.

ID.—CONDUCT OF DISTRICT ATTORNEY—IMPROPER ALLUSION TO APPEARANCE OF DEFENDANT—EFFECT OF GENERAL OBJECTION.—Where an objection to the language of the district attorney used on the argument is general, and the court's attention was in no way directed to any particular feature complained of, the fact that the district attorney improperly commented upon or called attention to the personal appearance of the defendant as a factor in the evidence, though the defendant did not submit himself as a witness in the case, cannot be taken advantage of for the first time on appeal. In order to avail himself of the objection, it was the duty of the defendant to direct the court's attention specifically to such transgression of the people's privilege.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. Marion Brooks,* for Appellant.

*Attorney General W. F. Fitzgerald,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

Van Fleet, J.—Appellant and one Josefa Balletto were jointly charged, under section 332 of the Penal Code, with a felony committed by obtaining the sum of three hundred dollars from one T. Marinovich, by trick and device, by the use of cards.

Defendant was tried separately, and was convicted and sentenced to the state prison. He appeals from the judgment and from an order denying him a new trial and an order refusing to arrest the judgment.

Several grounds of error are urged, but we do not regard any of them as possessing merit.

1. The information was in substantial compliance with the requirements of the code, the offense being charged in the language of the statute, and the demurrer was not well taken. The orders of the court, therefore, overruling the demurrer and denying the motion in arrest of judgment were not erroneous.

2. It is contended that the evidence did not warrant a conviction. We deem it quite sufficient to make a case within the statute. The statute is directed against "every person who by the game of 'three-card monte,' so called, or any other game, device, . . . . *or other means whatever*, by use of cards or other implements or instruments, or while betting on sides or hands of any such play or game, fraudulently obtains from another person money," etc. Without stating it in detail, the evidence discloses that the means employed in this instance was the old, familiar trick, by the defendant and his confederate, of pretending to play a game of cards, wherein the defendant, as an inducement to the prosecuting witness to part with his money, was permitted to repeatedly win; but the moment the money of the prosecutor was put up it was apparently lost by defendant to his confederate, who immediately disappeared with it. It is one of the most common of the many devices used in swindling by cards, and is strictly within the denunciation of the statute. The fact that the circumstances disclosed are such that the defendant might have been charged with and convicted of larceny does not make

the offense any less one of the special class provided for in section 332, the circumstances being sufficient to bring the case within that section; nor does it render defendant less amenable to a prosecution under the latter section.

3. There was nothing in the language of the district attorney, used on the argument, to which exception was taken, not strictly pertinent to and warranted by the evidence, except that portion referring to the character and manner of the defendant. The defendant did not submit himself as a witness in the case, and it was therefore improper to comment upon or call attention to his personal appearance as a factor in the evidence. But this particular feature of the argument was not made the subject of special objection. The objection was couched in general terms, and apparently taken upon the ground that defendant regarded the argument as involving a general misstatement of the evidence. The court's attention was in no way directed to any particular feature complained of, and where, as here, the argument was in large part a proper comment upon the evidence, it was the duty of the defendant to direct the court's particular attention to any thing transgressing the people's privilege. Had this been done the court would, no doubt, have corrected the impropriety. Under such circumstances the defendant will not be permitted to take in this court, for the first time, any more specific objection to the language complained of than that urged in the court below.

4. The court did not err in refusing the instruction requested by the defendant, as the instruction was in no way pertinent to the evidence in the case.

The judgment and orders appealed from are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.