[Crim. No. 269.    Department One.—August 23, 1897.]

THE PEOPLE, RESPONDENT, v. W. E. KRAMER, APPELLANT.

CRIMINAL LAW—NEW TRIAL—MISCONDUCT OF JURY—PRESUMPTION—CON-VERSATION OF JURORS—DENIAL OF MISCONDUCT—CONCLUSIVE FINDING. The presumption is that the jury performed their duty with fidelity to their oath, and that they observed the admonitions of the judge as to their conduct, and this presumption can be overthrown only by showing some act of positive misconduct; and it is no ground for a new trial of a criminal case that the jurors were seen conversing together in the courtroom, and pointing out features of the evidence before retiring to the juryroom, when there is no proof as to what their conversation was, or that it was calculated to prejudice the defendant; and where the jurors denied any misconduct, the implied finding of the judge in sup-port of their denial, is conclusive upon appeal against the contention of misconduct.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—IMPROPRIETY OF DEFENDANT'S COUNSEL.—The only proper way for the district attorney to correct an impropriety or abuse of privilege by defendant's counsel, is to call the attention of the court to it, and have it stopped; and no improper conduct of the district attorney can be justified by the fact that de-fendant's counsel have committed a like impropriety.

ID. — OBJECTION UPON APPEAL FOR FIRST TIME. — An objection to the misconduct of the district attorney cannot be raised upon appeal for the first time.

ID.—STRIKING OUT HEARSAY EVIDENCE—HARMLESS RULING.—It is proper, upon motion of the district attorney, to strike out hearsay evidence

given by a witness for the defendant; and where the same matter, in substance, was testified to later by the witness, and permitted to rest with the jury, there could be no prejudicial effect of the ruling.

Appeal from a judgment of the Superior Court of Los Angeles County and from orders refusing to arrest the judgment and denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

*Byron L. Oliver,* and *George A. Hough,* for Appellant.

*W. F. Fitzgerald, Attorney General,* and *Henry E. Carter, Deputy Attorney General,* for Respondent.

Van Fleet, J.—Appeal by defendant from a judgment convicting him of forgery, from an order refusing to arrest the judgment, and from an order denying a new trial.

1. The first objection urged is misconduct of the jury; but the record does not clearly disclose that any such in fact occurred. It is stated in an affidavit by defendant's counsel, filed on the motion for a new trial, that during the taking of evidence, and while the jury were examining certain exhibits submitted for their inspection, affiants " saw a number of the jurors commenting upon, and arguing about," the exhibits, and pointing out to each other similarities in the handwriting," etc.; but these statements are positively denied in an affidavit by all the jurors, who state that they were not arguing nor discussing the exhibits, nor the similarity of the writing therein; and the statement of the facts of the incident by the judge is, in substance, that he saw the whole transaction; that he observed the jurors conversing, and at once stopped them and admonished them against discussing the evidence until they retired to the juryroom; but that he could not tell what their conversation was about, and he saw nothing which induced him to think that anything prejudicial to defendant had occurred. The exact character and import of the

acts complained of are thus left in doubt.  No one pretends to state in express terms anything said by the jurors, or, in fact, that any part of their conversation was heard.  Defendant's counsel do not state in their affidavit that they *heard* any of the conversation, but the statement is that they "*saw* a number of the jurors" pointing out features of the writings and conversing about them; which leaves it to be inferred that the statement in the affidavit that the jurors were arguing about the evidence was a matter of inference and conclusion from their manner, rather than from anything that was overheard.

In the face of the positive denial by the jurors that their conduct partook of the objectionable character imputed to it, and the implied finding by the judge in support of such denial, we cannot say that the acts complained of involved any actual, much less prejudicial, misconduct.  For aught that really appears, the comments of the jury, if referring to the writings at all, may have been wholly trivial and innocent, and in no way relating to their character as evidence.  It is, of course, improper for jurors to discuss the case, even among themselves, during its progress and before its submission; but the mere fact of conversing in the jury box is not in itself such an impropriety as will necessarily imply misconduct.  The law does not demand that the jury sit with the muteness of the Sphynx, and when jurors are observed to be talking among themselves it will not be presumed that the act involves impropriety, but in order to predicate misconduct of the fact it must be made to appear that the conversation had improper reference to the evidence, or the merits of the case. Even then, unless it be shown to have been of a character calculated to prejudice the defendant, it is not sufficient to work a reversal.  (*People* v. *West*, 73 Cal. 345.)

The presumption is that the jury performed their duty with fidelity to their oath, and that they observed the admonitions of the judge as to their conduct, and

this presumption can be overthrown only by showing some act of positive misconduct. (*People* v. *Williams*, 24 Cal. 31.)

Here the evidence as to whether there was in fact any improper act was at least conflicting, and the ruling of the court is conclusive upon us against the defendant's contention. (*People* v. *Merkle*, 89 Cal. 82.)

2. Defendant complains of injury arising from misconduct of the district attorney in making use, during his argument to the jury, of certain alleged improper suggestions and statements not based upon the evidence in the case. The use of the language complained of, in substance, is admitted by the district attorney, but it is stated in his affidavit that it was in response to matters assumed by defendant's counsel in making a pathetic appeal to the jury.

Assuming that the comments of the district attorney were not warranted by the evidence, his act would not be justified by the fact that defendant's counsel had already committed a like impropriety. The proper way to correct such an abuse of privilege on the part of either counsel is for his adversary to call it to the attention of the court and have it stopped.

But we are precluded from inquiring into the merits of the objection for the reason that it does not appear to have been taken at the trial, or that the matter was there called to the attention of the judge in any way. The affidavit on behalf of defendant states that objection was made thereto, but this is directly controverted in the affidavit for the people, which states that no objection whatsoever was made, and nothing said to call it to the attention of the court; and the ruling of the court below, by necessary implication, negatives the defendant's claim in that regard. It is an obviously just rule that such objection cannot be here made for the first time. While error arising from misconduct of an attorney, of the character complained of, may not always be avoided by such means, it is essential in order to have it reviewed, that the act be at least called

to the attention of the court below at the time, that that tribunal may have an opportunity to correct the abuse, and thus, if possible, avoid error and a mistrial. And it has been repeatedly held that this court will not entertain an objection of the kind first made here. (*People* v. *Ah Fook*, 64 Cal. 381; *People* v. *Lane*, 101 Cal. 513; *People* v. *Frigerio*, 107 Cal. 151; *People* v. *Louie Foo*, 112 Cal. 17, 26.)

The defendant cannot remain silent and take the chance of a favorable issue, and, losing, urge as ground for reversal an error, which, but for his silence, might never have found its way into the case. His failure to object justly gives rise to the inference that at the time he saw no injury being done him, and he cannot complain on being met here by a barrier arising from his own omission.

3. There was no error in striking out the portion of the testimony of the witness Harms, objected to by the district attorney. It was very clearly hearsay. Moreover, the same matter, in substance, was testified to later by the witness and permitted to rest with the jury, so that whatever benefit defendant could derive therefrom he had.

4. We find no error in the instructions, and we regard the evidence as quite sufficient to sustain the verdict.

The judgment and orders are affirmed.

HARRISON J., and BEATTY, C. J., concurred.