[Crim. No. 1809.   In Bank.—March 30, 1914.]

## THE PEOPLE, Respondent, v. R. C. MacDONALD, Appellant.

CRIMINAL LAW—RAPE—FEMALE UNDER AGE OF CONSENT—LIMITATION OF CROSS-EXAMINATION.—In a prosecution for rape upon a female of the age of fourteen years, the court does not improperly limit the cross-examination of the prosecutrix as to whether or not she made any resistance or outcry, for the purpose of showing the improbability of the commission of the offense as related by her, she having been otherwise examined sufficiently to test her credibility.

ID.—CONSENT OF PROSECUTRIX—OUTCRY OR COMPLAINT.—In a rape case where the willingness of the prosecuting witness is immaterial by reason of inability to consent, the matters involved in outcry or complaint have no significance.

ID.—EVIDENCE—PRIOR ACTS OF FAMILIARITY BY DEFENDANT.—It is proper to permit the prosecution, in such a case, to prove conduct and acts of familiarity of the defendant toward the prosecutrix at a time prior to the commission of the offense.

ID.—SUFFICIENCY OF EVIDENCE—FALSE STATEMENT BY DEFENDANT—INSTRUCTIONS.—An instruction to the jury that "if you find the evidence otherwise insufficient to justify a verdict of guilty, a conviction cannot be found in this case by the mere fact that the defendant, when a witness in his own behalf, made a false statement as to a matter in no way connected with the crime of which he is accused," is properly refused.

ID.—WITNESS FALSE IN PART—INSTRUCTIONS.—It is not error to instruct the jury that a witness false in one part of his testimony is to be distrusted in others, etc., where the qualifications incorporated therein make it a correct statement of the law as contained in section 2061 of the Code of Civil Procedure.

CLXVII Cal.—35

ID.—REPRIMAND OF COUNSEL—MISCONDUCT OF COURT IN ADMINISTER-
ING.—An affront to counsel or a wounding of his feelings, by re-
marks of the court, although unjustified, will not furnish a basis
for appellate review, unless the rights of the defendant are in some
way prejudiced; and under this rule it cannot be said that the
characterization of the conduct of counsel for the accused in this
prosecution for rape as "ungentlemanly and unprofessional" was cal-
culated to work substantial injury to the case of the defense.

ID.—COMMENT BY TRIAL JUDGE ON ISSUES OF FACT—INVASION OF
PROVINCE OF JURY.—Under our system of law, which prohibits judges
from charging juries with respect to matters of fact and gives to the
jury the exclusive power to determine the facts, the trial judge
should use the greatest care to avoid, in the presence of the jury,
any utterance which may be construed as an intimation of his
opinion on the issues of fact which are to be determined.

ID.—WITNESS—FAVORABLE COMMENT BY COURT.—Under this rule the
trial court should not designate the prosecutrix in a rape case as
a "courteous, kind and modest" witness.

ID.—MISCONDUCT OF COURT OR COUNSEL—NECESSITY OF OBJECTION IN
ORDER TO REVIEW ON APPEAL.—A claim of misconduct on the part of
the district attorney or the trial judge will not ordinarily be con-
sidered on appeal, unless the complaining party has promptly called
the attention of the court to the alleged impropriety and assigned
misconduct thereon.

APPEAL from a judgment of the Superior Court of
Orange County and from an order refusing a new trial. Z. B.
West, Judge.

The facts are stated in the opinion of the court.

Elliott M. Epsteen, and Clyde Bishop, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy
Attorney-General, for Respondent.

SLOSS, J.—The above-entitled cause is before this court
pursuant to an order of transfer after judgment in the dis-
trict court of appeal for the second appellate district. The
judgment and order appealed from were there ordered re-
versed. The opinion, prepared by Mr. Justice Shaw, placed
the reversal on the ground of misconduct of the trial court.
We do not agree with the conclusion of the learned court of
appeal on this point. The opinion includes, however, a dis-

cussion, which, in the main, accords with our views of the other assignments of error presented by the appellant, as well as an accurate recital of the essential facts.

From that opinion we quote as follows:

"The evidence tends to establish the following facts: The prosecutrix, a girl of the age of about fourteen years, residing with her mother in the city of Orange, was a pupil at a public school of which defendant, a married man, was principal. At the time of the alleged commission of the offense,—namely: Sunday, May 12, 1912, she, after leaving Sunday school and before going to her home, called up defendant's residence over the 'phone. According to her testimony, he answered requesting that she come out to his house. She complied with the request, using her bicycle as a means of conveyance, entered the house, found the defendant's wife was absent and that he was alone, and remained with him for upward of an hour, during which time the act of sexual intercourse is alleged to have been committed.

"The first error of which appellant complains is that the court limited the cross-examination of the prosecutrix to an extent that was prejudicial to his substantial rights. His contention is that, since the testimony of the prosecuting witness on direct examination showed that upon reaching the house she rang the door bell and, upon the door being opened by defendant, entered the living room and sat down with defendant on a couch, and after some conversation the two went into a bedroom and while there defendant accomplished his purpose, it was competent to inquire on cross-examination how she entered the bedroom, whether or not by force, whether or not she made any resistance, and the force and tone of any outcry made. In cases of statutory rape, 'where the willingness of the prosecuting witness is immaterial by reason of inability to consent, the matters involved in outcry or complaint have no significance.' (*People* v. *Jacobs,* 16 Cal. App. 478, [117 Pac. 615].) Notwithstanding this fact, appellant insists that he was entitled upon cross-examination of the witness to question her upon such matters for the purpose of eliciting, if he could, evidence showing the improbability of the offense being committed as related by her, and for the purpose of testing her credibility. Conceding this to be true and that in cases of this kind, where by reason of the heinous

character of the offense charged the mere accusation engenders a feeling of abhorrence against the accused, the widest latitude upon cross-examination should be permitted, we cannot see that there was any abuse of discretion on the part of the trial court as to rulings made in this regard. On the contrary, it appears from the record that the witness was subjected to a cross-examination the extent of which was sufficient to test her credibility. Moreover, since the evidence sought to be elicited by the questions to which objection was sustained was for the purpose and in the hope of eliciting statements which defendant might by other witnesses controvert, thus discrediting the testimony of the prosecutrix, it was due to the court that it be made acquainted with the purpose and object of asking the questions, and this, in a proper case, could be done without the hearing of the witness or jury. No statement was made to the court by defendant as to his special purpose in asking the questions which, on their face and except for some special reason, were immaterial.

"The ruling of the court in permitting the district attorney, under the circumstances shown, to prove conduct and acts of familiarity of defendant toward the prosecutrix at a time prior to the commission of the offense, was not error. (*People v. Castro,* 133 Cal. 11, [65 Pac. 13]; *People v. Morris,* 3 Cal. App. 1, [84 Pac. 463].) In testifying in his own behalf defendant stated that in a conversation had with the superintendent of schools he had, in the hope of stopping talk about the matter, denied that the girl was in his house, thus telling him a falsehood. Defendant requested the court to give the following instruction as applicable to such evidence: 'If you find the evidence otherwise insufficient to justify a verdict of guilty, a conviction cannot be found in this case by the mere fact that the defendant, when a witness in his own behalf, made a false statement as to a matter in no way connected with the crime of which he is accused'; which request was refused. In support of his contention that the court erred in its ruling, appellant cites *People v. Wong Ah You,* 67 Cal. 31, [7 Pac. 8], wherein the court reversed a judgment of conviction for the reason that the verdict of the jury was based solely and alone upon a false statement made by the defendant in regard to a matter in no way connected with the crime of which he was accused. The facts of that case

bear no analogy to the one at bar. Moreover, the false statement was not made by defendant when a witness, as stated in the instruction.

"There was no error in instructing the jury that a witness false in one part of his testimony is to be distrusted in others, etc. With the qualifications incorporated therein, it is a correct statement of the law as contained in section 2061 of the Code of Civil Procedure. (*People* v. *Delucchi,* 17 Cal. App. 96, [118 Pac. 635]; *People* v. *Corey,* 8 Cal. App. 728, [97 Pac. 907].)''

To what is said on the point last mentioned we may add the observation that the instruction complained of differs, to some extent, from any instruction heretofore approved by this court or by the courts of appeal. It would be a better practice, in matters of this kind, to adhere to forms of expression that have had the direct sanction of appellate courts. At the same time, we do not think the instruction, read in its entirety, was substantially prejudicial to the appellant's rights.

During the cross-examination of the prosecutrix, and upon an objection being made to a question asked by one of defendant's counsel, Mr. Epsteen, the following colloquy took place:

"The Court: The matter about which you are now speaking you brought out on cross-examination.

"Mr. Epsteen: That is the very fact to be brought out, matters that this witness has glozed over.

"Mr. West (district attorney): That statement of the counsel is entirely improper.

"The Court: The remark of the counsel is very ungentlemanly and unprofessional and I admonish you to refrain from such remarks to the witness who has been as courteous and kind and modest as this witness has been."

Nothing further was said at the time, but later Mr. Epsteen said: "During the course of the examination of one of the witnesses one of the counsel in this case was admonished or criticised, and at this time the defendant excepts and objects to that admonition of the court and assigns it as error." To this the court replied: "Let the record show this is some four hours afterward."

It must, in fairness, be said that we find in the remarks of counsel nothing which called for the severe rebuke administered by the court, if, indeed, the remarks made were repre-

hensible in any degree. Counsel was, apparently, endeavoring to state the object of a question put by him on cross-examination, and it is difficult to see that in so doing, he overstepped the bounds of propriety or of due courtesy to the witness. But an affront to counsel, or a wounding of his feelings, although unjustified, will not furnish a basis for appellate review, unless the rights of the defendant are in some way prejudiced, and it cannot be said that the characterization of counsel's conduct as ''ungentlemanly and unprofessional'' was calculated to work substantial injury to the case of the defense. (*People* v. *Oliveria,* 127 Cal. 376, [59 Pac. 772]; *People* v. *Modina,* 146 Cal. 142, [79 Pac. 842]; *People* v. *Casselman,* 10 Cal. App. 234, [101 Pac. 693].)

A much more serious question arises on that part of the court's remarks which had to do with the demeanor and manner of the witness. Under a system of law which prohibits judges from charging juries with respect to matters of fact (Const., art. VI, sec. 19), and which gives to the jury the exclusive power to determine the facts (Pen. Code, sec. 1126), the trial judge should, as has often been pointed out, use the greatest care to avoid, in the presence of the jury, any utterance which may be construed as an intimation of his opinion on the issues of fact which are to be determined by the jury. (*People* v. *Williams,* 17 Cal. 147; *People* v. *Gordon,* 88 Cal. 422, 426, [26 Pac. 502].) We cannot doubt that the designation of the prosecutrix as a ''courteous, kind and modest'' witness should not have come from the court. The determination of the innocence or guilt of the defendant depended on whether the jury should credit his testimony or that of the prosecutrix. Anything said by the judge, indicating that the witness on the stand had, by her demeanor, created a favorable impression on his mind, would naturally tend to lead the jury to give to her testimony greater weight than they otherwise might. The subject concerning which she was being examined was of a delicate and embarrassing nature, and the suggestion that she had exhibited ''modesty'' might well have been viewed by the jury as indicating the court's view that what counsel for appellant regarded as an unwillingness on her part to give the facts in detail was caused, not by any desire to evade or to conceal the truth, but rather by a reserve commendable in a young girl. Such an intimation

constituted an invasion of the jury's province of judging the facts, in the light of the appearance and demeanor of witnesses, and might be highly prejudicial.

But it has long been the rule in this court that a claim of misconduct on the part of the district attorney or the trial judge will not ordinarily be considered on appeal, unless the complaining party has promptly called the attention of the court to the alleged impropriety and assigned misconduct thereon. (*People* v. *Ah Fook,* 64 Cal. 382, [1 Pac. 347]; *People* v. *Abbot,* 101 Cal. 645, [36 Pac. 129]; *People* v. *Frigerio,* 107 Cal. 151, [40 Pac. 107]; *People* v. *Kramer,* 117 Cal. 647, [49 Pac. 842]; *People* v. *Osborn,* 12 Cal. App. 148, [106 Pac. 891]; *People* v. *Walker,* 15 Cal. App. 400, [114 Pac. 1009].) The reason for this rule is that the court should be given the opportunity to correct the irregularity or to prevent any prejudicial effect, if that be possible. There may, of course, be cases in which the act done or remark made is of such a character that a harmful result could not be obviated by any retraction or instruction. In such cases the misconduct will furnish ground for reversal, even though the court may have taken immediate steps to correct any impression improperly conveyed to the jury. (*People* v. *Derwae,* 155 Cal. 592, [102 Pac. 266].) For like reasons, the want of an assignment of misconduct should not affect appellant's rights, where such assignment could not have led to the curing of the harm done.

In the present case, we do not think the expression of the court was such as to preclude the possibility of guarding against prejudicial effect, if timely and proper assignment had been made. It is true that, as we have pointed out, the remarks made could well have been interpreted as indicating the court's belief that the witness's testimony was entitled to weight. But this was not the only possible interpretation. On a reading of the entire colloquy, it might fairly be inferred that the court was under the impression—a mistaken one, very likely—that the defendant's counsel had failed to treat the prosecutrix with the courtesy which is the due of every witness. The remarks of the court were designed, mainly, as a reproof to counsel for his supposed discourtesy. What was said about the witness was said in this connection, and may well have been intended as a comment upon the propriety,

in point of courtesy and good taste, of the witness's demeanor, rather than as an intimation that her testimony was to be believed. While even such comment is to be avoided, it can hardly be said that its effect would necessarily be so prejudicial as to require a reversal. If counsel had promptly called the attention of the court to the objectionable character of its remarks, it is quite reasonable to believe that any improper effect on the minds of the jury could have been obviated by an instruction disclaiming any intention to express an opinion on the weight of the testimony, and emphasizing the duty of the jury to disregard the supposed belief of the court in determining the credibility of the statement of any witness. The mere fact that the assignment of misconduct did not follow immediately upon the expressions of the court would probably not, in and of itself, bar the right to have the assignment reviewed here. But the delay is certainly a circumstance entitled to consideration in connection with the claim of the respondent that the form of the objection was not sufficiently specific to call the attention of the court to the precise matter complained of. It will be observed that what was objected to and assigned as error was the fact that the court had "admonished or criticised" one of the counsel. This form of assignment, if made at the time of the occurrence, would perhaps have been sufficient to bring the mind of the court to a reconsideration of all that it had just said, including an observation regarding the demeanor of the witness as well as a reflection upon the conduct of counsel. But when objection was first taken after the lapse of several hours, it can hardly be assumed that the exact words uttered at a considerably earlier stage of the trial were so fresh in the recollection of the court that an objection to a criticism of counsel would be likely to bring to mind the fact that such criticism had been coupled with matter otherwise objectionable. In the absence of a more prompt assignment, fairness to the court required that the claim that it had expressed an opinion on the weight of the evidence should have been stated in such words as to make the real nature of the claim reasonably apparent. Under the peculiar circumstances of this case, we think the assignment, considering its phraseology together with the time when it was made, was not such as to entitle the defendant to a favorable consideration of the point urged. The lan-

guage used did not suggest to the court the necessity or propriety of giving a cautionary instruction, and no other request for such instruction was made.

The foregoing discussion covers all the points presented.

The judgment and the order appealed from are affirmed.

Angellotti, J., and Henshaw, J., concurred.

SHAW, J., concurring: I concur in the judgment and in all of the opinion of Justice Sloss, except the part relating to the form of the objection made to the remark of the court upon the cross-examination of the prosecutrix. The objection was expressly directed to the censure of counsel by the court, and to no other part of the remark. I do not think that this court on appeal should or can properly assume that it was intended or understood as an objection to the commendation by the court of the demeanor of the prosecutrix, to which it is now sought to divert it.