[*Crim. No. 358.    Second Appellate District.*—January 26, 1915.]

## THE PEOPLE, Respondent, v. EPITACIO VALENZUELA, Appellant.

CRIMINAL LAW—MURDER—REASONABLE DOUBT—INSTRUCTIONS.—In a prosecution for murder, where the proof of the charge did not rest wholly upon circumstantial evidence, but there was the testimony of an eye-witness as to the killing, and the court gave the long approved instruction upon the question of reasonable doubt, the mere fact that the defendant's counsel desired an elaboration of the general principle announced therein, furnishes no reason for saying that the court committed prejudicial error in refusing to give the additional instruction.

ID.—ALLEGED MISCONDUCT OF JUDGE—REFERENCE TO WITNESS—WHEN ERROR CURED.—Conceding that there was error on the part of the court in referring to a witness in such a case, which might be taken as indicating that in the judge's mind weight was to be given to the testimony of the witness referred to, the error was cured where the court, upon the objection of defendant's counsel, set aside his ruling upon the objection and directly told the jury that the remarks made by the court were not for their consideration; and the conduct of the judge did not amount to prejudicial error.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

A. Orfila, and Finley & Kolb, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was charged with the crime of murder, and upon being found guilty of manslaughter was sentenced to serve a term of ten years imprisonment in the state prison. He appeals from the judgment and from an order denying his motion for a new trial.

A young man named Delbert D. Wardlow was shot on the evening of March 19, 1914, at the house of appellant at Talbert, in Orange County. Several gunshot wounds were inflicted upon his body, after which Wardlow mounted a horse

and rode to a nearby store, where he died. Death was caused by the loss of blood from a 'wound in the thigh where a bullet had severed the femoral artery. Appellant is a Mexican and was engaged as a common laborer near the place of his residence and occupied a small frame building with his family, which consisted of a wife and children. At his house he served boarders other than members of his family, and also sold liquor to persons who might come there for it. On the date mentioned young Wardlow and a man named Stafford rode up to the house of appellant and purchased some beer which they drank on the premises. At that time appellant was away at his work and his wife furnished the liquor to Wardlow and his companion. While the two men were still in the house, the father of Wardlow joined them and together the three drank more beer which they purchased from the wife of appellant. Toward evening appellant with a man named Vasquez returned to the house. Appellant was well acquainted with the Wardlows and the men were apparently friends. Young Wardlow, however, sought to quarrel with Vasquez, who was not offending him at the time, and either struck or pushed Vasquez about in the dining-room, where the four men then were. Appellant remonstrated with the elder Wardlow, and thereupon the latter became abusive also, but soon desisted from any offensive action. Meanwhile appellant retired to an adjoining room and Vasquez made his way past Stafford, who was holding a door to prevent him from going out of the room. Stafford testified that he heard young Wardlow's voice, as he apparently addressed appellant in the other room, saying to the latter, in substance, "you dare not shoot." Stafford further testified that the two men went outside, young Wardlow following appellant; that he next saw appellant fire twice at Wardlow, and at the same time Vasquez approached from the rear and fired three shots at the deceased; that Wardlow called to the witness and stated that they (meaning the Mexicans) "had got him," and asked Stafford to get his horse. Stafford brought one of the horses to young Wardlow, who mounted the same and rode in the direction of the store, where he died shortly afterward. Appellant testifying on behalf of himself denied that he had fired any shots, but, of course, the question as to the sufficiency of the evidence was a matter solely for the jury to determine in the face of

the conflict presented. There was other corroborating evidence, such as the finding of empty cartridge shells in the vault of the water closet, and testimony that appellant had purchased loaded shells of the same character some days before at the country store.

The claim for reversal hangs upon very slender threads. The argument in support thereof may be briefly summarized and the case as briefly disposed of. The court gave the long-approved instruction upon the question of reasonable doubt, and the mere fact that the defendant's counsel desired an elaboration of the general principle announced therein, furnishes no reason for saying that the court committed prejudicial error in refusing to give the additional instruction. The proof of the charge did not rest wholly upon circumstantial evidence, but there was the testimony of an eye-witness as to the killing. However, the court did give sufficient instruction as to the effect of proof of circumstances where such is relied upon in establishing a criminal charge. Taken together, the instructions seem to have very fairly and fully presented all matters of law to the jury which were pertinent to the case and entitled to be considered by them. Misconduct on the part of the trial judge is charged, but conceding that there was error in the reference made by the court to the elder Wardlow as a witness, which might be taken as indicating that in the judge's mind weight was to be given to the testimony of the witness referred to, however, when appellant's counsel made objection the court set aside his ruling upon the objection then under discussion and directly told the jury that the remarks made by the court were not for their consideration. The conduct of the judge did not amount to prejudicial error. (*People* v. *MacDonald*, 167 Cal. 546, [140 Pac. 256].)

We find no error in the record warranting the conclusion that appellant has been prejudiced in his right to a fair and impartial trial.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.