[Crim. No. 2520.   First Dist., Div. One.   Aug. 17, 1948.]

THE PEOPLE, Respondent, v. ANTON ALBRIGHT, Appellant.

Benjamin F. Marlowe for Appellant.

Fred N. Howser, Attorney General, and Benjamin B. Knight, Deputy Attorney General, for Respondent.

WARD, J.—Defendant was convicted on three counts of violation of provisions of the Health and Safety Code covering transportation of marihuana, its possession, and the possession of opium and heroin; also on a fourth count, possession of prohibited firearms, capable of being concealed upon the person, by one who had been convicted of a felony. The information further alleged the conviction of a felony, namely, violation of the federal Marihuana Tax Act, as a prior conviction with sentence served therefor. Defendant pleaded not guilty to the four counts of the information and stood mute on the prior conviction. The court directed that a denial be entered on behalf of the defendant on such conviction. According to the record, on the date of the trial defendant "admits having suffered the prior conviction."

Two contentions are presented on appeal: "I. Competent Evidence is Insufficient to Support the Verdict. II. Prejudicial Misconduct of the District Attorney." Defendant explains the first point as follows: "While the evidence in its entirety would have been sufficient to sustain the verdict, the remaining evidence, after the proper exclusion of certain prejudicial testimony as shall hereinafter be set forth, is insufficient to sustain the verdict." The propriety of the admission of the testimony claimed to be prejudicial may be considered in conjunction with the alleged prejudicial miscon-

duct of the district attorney. If the questions propounded by him were free from objection the charge of insufficiency of evidence collapses. It is not necessary to relate all of the details introduced in evidence by the district attorney to prove this case, as defendant admits that if certain evidence be legally admissible it is sufficient to sustain the verdict.

On cross-examination defendant elicited certain evidence that at the time of his arrest he was drunk; other evidence was that at the time of his arrest he was under the influence of drugs. The district attorney asked the following question: "Just one question. Now, in recalling the defendant's condition at the time you placed him under arrest on the drunk charge, can you state whether or not the defendant was drunk or drugged, or do you know?" to which reply was made: "Well, he didn't stagger like a drunk man. He looked like he was drunk, but he didn't stagger like a drunk man." It was proper to show the physical as well as the mental condition of the accused when he made certain statements to the police. The following question and answer appear in the record: "Q. What was the conversation that you heard between the defendant the Inspector Armstrong that day with reference to the case? A. They asked him what was in that suitcase, and he said he had done eighteen months for the same thing that was in there. Q. Was that the full extent of the conversation that you heard? A. Yes, sir." As evidence was introduced to prove the nature and character of the contents of the suitcase, it was proper to introduce evidence that tended to show that defendant was aware of what the suitcase contained. The record shows further testimony. "Q. What was the conversation you had with the defendant at that time? A. I asked him if he had ever been in jail. He says, 'Yes.' Want me to continue? Q. Yes, please. A. And I said, 'What for?' So he turned around and he points at that suitcase. He says, 'For the same thing as in that suitcase.' Q. In the conversation had any mention of the contents of the suitcase been made? A. No, sir." Another witness had a conversation with defendant at a later period: "Q. And during that time did you have any conversation with the defendant with reference to the contents of this brown suitcase? . . . THE WITNESS: Yes, I will repeat it. I asked the defendant if that suitcase belonged to him, and he said 'No.' I asked him if he knew it came out of his car. He said he had been told it came out of his car. I asked him if he knew what was in it. He said—at

that point he said, 'I done some time over that same sort of stuff, and I am not going to answer any more questions.' So that was the extent of the conversation at that time.'' Defendant testified that a woman put the suitcase in his car and that he never had in his possession anything like its contents.

All of the foregoing testimony was introduced without objection by defendant. Appellant cites the following paragraph from *People* v. *McDonald,* 167 Cal. 545, 551 [140 P. 256] : ''But it has long been the rule in this court that a claim of misconduct on the part of the district attorney or the trial judge will not ordinarily be considered on appeal, unless the complaining party has promptly called the attention of the court to the alleged impropriety and assigned misconduct thereon. (*People* v. *Ah Fook,* 64 Cal. 382, [1 P. 347] ; *People* v. *Abbot,* 101 Cal. 645, [36 P. 129] ; *People* v. *Frigerio,* 107 Cal. 151, [40 P. 107] ; *People* v. *Kramer,* 117 Cal. 647, [49 P. 842] ; *People* v. *Osborn,* 12 Cal.App. 148, [106 P. 891] ; *People* v. *Walker,* 15 Cal.App. 400, [114 P. 1009].) The reason for this rule is that the court should be given the opportunity to correct the irregularity or to prevent any prejudicial effect, if that be possible. There may, of course, be cases in which the act done or remark made is of such a character that a harmful result could not be obviated by any retraction or instruction. In such cases the misconduct will furnish ground for reversal, even though the court may have taken immediate steps to correct any impression improperly conveyed to the jury. (*People* v. *Derwae,* 155 Cal. 592, [102 P. 266].) For like reasons, the want of an assignment of misconduct should not affect appellant's rights, where such assignment could not have led to the curing of the harm done.'' In the present case an objection and assignment of misconduct could have cured any error, if error occurred. The questions could have been reframed or eliminated and a proper cautionary instruction given to the jury.

Defendant contends that the testimony had the effect of inflaming the minds of the jurors. The record does not so indicate. If in a case of this character, the minds of the jurors are inflamed by the mere presentation of the evidence, and passion usurps the place of reason, then practically all violators of the narcotic law of this state should be freed.

The only other question necessary to consider is the reference to the fact that the defendant had suffered imprison-

ment for a similar offense. The record discloses the following: "MR. BURKE [Deputy District Attorney] : Your Honor, before direct examination of the witness, it has been stipulated that the prior conviction alleged in the information for the purpose of charging the violation of the gun law is correct. That is, the defendant stipulates that the prior conviction was suffered as charged for the purpose of the fourth count of the information. MR. FERRARIO [Attorney for Defendant] : It has been stipulated, your Honor. THE COURT : You stipulate that that is correct? MR. FERRARIO : Yes." On cross-examination defendant admitted his previous conviction and servitude for a felony. Defendant's contention that he took the witness stand to explain his prior conviction is trivial and not substantiated by the record.

The evidence of the prior conviction was a part of the essential evidence to prove the fourth count. The evidence was admissible on the other counts as impeaching testimony. (*People* v. *Peete*, 28 Cal.2d 306 [169 P.2d 924].) No prejudicial error appears in the record.

The judgment and order denying the motion for a new trial are affirmed.

Peters, P. J., and Bray, J., concurred.