[Crim. No. 5650. First Dist., Div. One. June 22, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT MARTINEZ ROMERO, Defendant and Appellant.

---

Kenneth N. Rivera for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Louise H. Rennie, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—Appellant Romero, defendant below, appeals from a judgment of guilty of second degree burglary

(Pen. Code, § 459). His codefendant, Jack Robinson, who was also convicted, has not appealed.

A grocery storekeeper, closing up around midnight, heard a loud crash of glass. Across the street he saw one person taking watches ''off of the display'' through a broken pawnshop window, and another person running from the scene. His prompt telephone report was relayed by radio to police officers who immediately proceeded to the vicinity. They saw Romero ''half running'' about 300 feet from the pawnshop. They called upon him to stop, but upon seeing the officers, he started to run down an alley.

After a struggle Romero was placed under arrest. He was properly advised of his rights under *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], which he stated he understood. The officers searched him and found a ''group of watches'' which later trial testimony indicated had been on display in the pawnshop window. Romero's right hand had a fresh cut. An officer testified that in response to questions Romero said ''that another man had broken the window, however that both of them had reached through the window of the jewelry store and obtained the watches.''

About 10 minutes later Robinson was arrested. He also was properly advised under *Dorado* and stated he understood what he was told. A search disclosed additional watches. The officer testified that when questioned Robinson said ''he had broken the window of the Salinas Jewelry Store to obtain the watches for money to buy wine with, that he planned on selling them, that he broke the window with a large brick, and he and another man had reached through the window and obtained the watches.''

■ Defendant's first assignment of error is stated as ''The Defendant's Statements were Inadmissible into Evidence as he was not Adequately Apprised of his Constitutional Rights.'' Defendant admits that he was advised in accordance with *People* v. *Dorado, supra,* 62 Cal.2d 338. Error is claimed, however, for failure to admonish in accordance with expanded standards of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. The trial of the instant case was held January 17, 1965. The *Miranda* rule is applicable only to trials commencing after June 13, 1966. (People v. Rollins, 65 Cal.2d 681 [56 Cal. Rptr. 293, 423 P.2d 221]; *Johnson* v. *New Jersey,* 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772].

■ Another assignment of error is: ''The Defendant did

not Intelligently Waive his Right to Remain Silent or Right to Counsel." The rule relied upon by defendant is stated in *People* v. *Stewart*, 62 Cal.2d 571, 581, as: "[I]n order to establish a waiver of the right to the assistance of counsel the record must indicate that the defendant was advised of his right to counsel and to remain silent or that he knew of these rights and intelligently and knowingly waived them." The burden of showing such a waiver is on the People. (*People* v. *Kelley*, 66 Cal.2d 232, 247 [57 Cal.Rptr. 363, 424 P.2d 947].)

Here the defendant was properly advised of his *Dorado* rights and he stated that he understood the admonition. The officers testified that he did not appear to be intoxicated as claimed. We conclude that the prosecution met the required burden, the evidence indicating that defendant knowingly and intelligently waived his right to counsel and to remain silent. [3] Additionally we point out that no objection was made below to the complained of statements. The point may not now be successfully urged on appeal. (*People* v. *Palmer*, 236 Cal.App.2d 645, 650 [46 Cal.Rptr. 449]; *People* v. *Sanchez*, 239 Cal.App.2d 51, 55 [48 Cal.Rptr. 424]; Witkin, Cal. Criminal Procedure (1965 Supp.), § 361 N, p. 66.)

Defendant's final specification of error is stated as: "Admissions of Codefendant were Prejudicial to the Rights of Defendant, Denying him a Fair Trial." He relies on *People* v. *Aranda*, 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265]. That case declares to be error (as to a codefendant), the practice of admitting an extrajudicial statement of one charged with crime which incriminates both himself and his codefendant, even though the court instructs that it should not be considered as against the codefendant.

When evidence of such a statement is proposed by the prosecution, *Aranda, supra,* requires the trial court to adopt one of the following procedures:

"(1) It can permit a joint trial if all parts of the extrajudicial statements implicating any codefendants can be and are effectively deleted without prejudice to the declarant. By effective deletions, we mean not only direct and indirect identifications of codefendants but any statements that could be employed against nondeclarant codefendants once their identity is otherwise established. (2) It can grant a severance of trials if the prosecution insists that it must use the extrajudicial statements and it appears that effective deletions cannot be made. (3) If the prosecution has successfully resisted a motion for severance and thereafter offers an extrajudicial

statement implicating a codefendant, the trial court must exclude it if effective deletions are not possible." (*People* v. *Aranda, supra,* 63 Cal.2d 518, 530-531.)

 It would appear that Robinson's confession did tend to incriminate Romero in the burglary even though he was not named. In the context of the evidence one must reasonably conclude that Romero was the person described by Robinson as "another man," and *Aranda* would seem to apply. (See *People* v. *Zavala,* 239 Cal.App.2d 732, 745 [49 Cal.Rptr. 129].)

Here, however, defendant made no objection to the introduction of Robinson's confession.[1] Nor was it urged that the portion relating to "another man" be deleted or that Romero's trial be severed from that of Robinson. This may have been for reasons of trial strategy. Or, more likely, it was because no real contention was made that Romero had not participated in the act charged; his principal defense being intoxication and lack of specific intent. In any event no objection having been urged to Robinson's confession at the trial level, the point may not now be raised for the first time on appeal. (See *People* v. *Nakis,* 184 Cal. 105, 113 [193 P. 92]; *People* v. *Miller,* 177 Cal. 404, 408 [170 P. 817]; *People* v. *MacDonald,* 167 Cal. 545, 551 [140 P. 256]; *People* v. *Palmer, supra,* 236 Cal.App.2d 645, 650; *People* v. *Albright,* 87 Cal. App.2d 222, 225 [196 P.2d 800].)

Additionally, failure to adhere to the *Aranda* procedure constitutes reversible error only if it causes prejudice. (*People* v. *Charles,* 66 Cal.2d 330, 337 [57 Cal.Rptr. 745, 425 P.2d 545]; see also Cal. Const., art. VI, § 13.) Therefore, even had the point not been waived, we must conclude the alleged *Aranda* violation to be nonprejudicial. Romero's own confession (substantially similar to that of Robinson) was strongly supported by his possession of stolen watches and other evidence. The fact that Robinson's confession also implicated Romero cannot, realistically viewed, have contributed to the latter's conviction. Applying the test of *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243], we are of the opinion, after an examination of the entire cause, including the evidence, that it is not reasonably probable that a result more favorable to Romero would have been reached in the absence of the com-

---

[1] Such lack of objection appears to have been intentional and knowledgeable. Romero's trial attorney, at the earlier preliminary examination, the record of which is before us, expressed a familiarity with the then recently announced *Aranda* rule.

plained of error. We also declare a belief that such error was harmless beyond a reasonable doubt. (See *Chapman* v. *California*, 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.