Filed 6/19/13  P. v. Talburt CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F064202 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF136522A) |
| ZECHARIAH WILLIAM TALBURT, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Gary T. Friedman, Judge.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Levy, J. and Poochigian, J.

Defendant and appellant Zechariah William Talburt contends the trial court committed misconduct in making a comment during the testimony of a witness. We conclude defendant forfeited this contention by not requesting a curative admonition during the trial. Accordingly, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

After an initial trial that resulted in acquittal of defendant on two counts and a mistrial on three remaining counts, defendant was retried on charges of corporal injury to a former cohabitant (count 1, Pen. Code, § 273.5, subd. (a)), battery causing serious bodily injury (count 2, *id*., § 243, subd. (d)), and assault by means of force likely to produce great bodily injury (count 3, *id*., § 245, former subd. (a)(1), now subd. (a)(4)), together with great bodily injury enhancements as to counts 1 and 3.

The prosecution's case against defendant was based primarily on the prior statements and preliminary hearing testimony of Megan Light, who married defendant a few days before the trial and is now named Megan Talburt. (To avoid confusion, we refer to the victim by her first name.) Megan testified at the preliminary hearing that in the early hours of April 19, 2011, defendant choked her and punched her in the face. Her jaw was broken in three places. The defense case was based primarily on Megan's testimony at trial. She testified she did not know how her jaw was injured and that defendant did not strike her.

There was other evidence in support of the prosecution and the defense cases, but it is not necessary to summarize that evidence for purposes of the issues raised on this appeal. One portion of that evidence is significant, however. As part of the prosecution's case, Megan's mother, Gina Moore, testified. She testified that during the morning of April 19, 2011, Megan told her defendant had choked her and hit her in the face. On recross-examination by defendant's counsel, apparently in an attempt to impeach Moore, counsel first asked Moore if she approved of Megan's relationship with defendant. Moore replied, "Of course not." Then counsel asked, "Well, didn't you just throw a

2.

wedding for your daughter" and defendant? She answered, "I did." Counsel asked, "What did that consist of?" Moore answered: "The wedding was actually -- she was going to get married. She told me she had permission from the judge to get married even though there was a restraining order[.]" At that point, the trial court interjected, "Not this judge." Moore continued: "Okay. [¶] She told me she had permission and that they were going to go and get married on Sunday, and I said I don't want my daughter getting married without me being there …." Accordingly, the wedding was held at Megan's grandmother's house. Counsel continued to cross-examine Moore for a few additional minutes and then she was excused as a witness. The court then took the afternoon break, after which two police officers testified as part of the prosecution case.

The next morning, after other preliminary matters, defense counsel moved for a mistrial "[o]n the basis that your Honor made comments yesterday regarding the marriage of the victim to the defendant that caused an obvious reaction with the jury and I just think it was inappropriate." Counsel explained that the comment was prejudicial because "[i]f the Court doesn't approve of the marriage or if the Court said it didn't approve of the marriage, then maybe the Court believes that this individual, you … shouldn't be around her because of what he did." Counsel continued: "The Court could have in some way fashioned an instruction or a stipulation from counsel that would have eased the impact of that tremendously. We could have had a stipulation that said although the defendant had married the victim, it was done without -- I mean, I don't even know that there was ever any judge that gave them permission, per se. There's still the restraining order in effect." The court explained that it did not want the jury to think it had countermanded a restraining order imposed by another judge. In addition, the court noted that it already had instructed the jury with CALCRIM No. 101 which, in part, tells the jury, in the court's words, "do not … take anything I say or do during the trial as an indication of what I think about the facts, the witnesses, or what your verdict should be." The court indicated that it would give a similar instruction as part of pre-deliberation

3.

instructions, CALCRIM No. 3530.  The court added:  "Now, if you feel that a limiting instruction should be rendered regarding that remark, I certainly would entertain it.  I don't think I need to give one, but if you have one in mind, I'll consider it and probably, most likely, give it.  So feel free to fashion any type of admonition you feel is appropriate and submit it."  Counsel reiterated that the motion for mistrial should be granted.  At no time did counsel request that the jury be admonished to disregard the court's comment nor did counsel propose an instruction explaining the court's comment.

The jury found defendant guilty on all three counts and found true the enhancement allegations.  At a subsequent hearing, the court sentenced defendant to an operative prison sentence of five years.  The court awarded 177 days of presentence custody credit and 26 days of presentence conduct credit.  The abstract of judgment incorrectly states the court awarded 23 days of conduct credit, although it correctly states defendant is to receive a total of 203 days of presentence credit.

## DISCUSSION

Almost 100 years ago, the California Supreme Court stated that "it has long been the rule in this court that a claim of misconduct on the part of the district attorney or the trial judge will not ordinarily be considered on appeal, unless the complaining party has promptly called the attention of the court to the alleged impropriety ….  The reason for this rule is that the court should be given the opportunity to correct the irregularity or to prevent any prejudicial effect, if that be possible."  (*People v. MacDonald* (1914) 167 Cal. 545, 551.)  This longstanding rule has been frequently and regularly applied by the Supreme Court to find forfeiture of the issue on appeal.  (See, e.g., *People v. Houston* (2012) 54 Cal.4th 1186, 1220; *People v. Blacksher* (2011) 52 Cal.4th 769, 825.)  In its modern incarnation—and consistent with the original purpose of permitting the court to "correct the irregularity"—the rule requires both an objection and a request that the jury be admonished.  (See *People v. McWhorter* (2009) 47 Cal.4th 318, 373.)  In this case, it is far from clear that the court's comment carried any inference that was negative to

4.

defendant.  But assuming the ambiguity of the statement was resolved in favor of defendant's interpretation, as in *People v. Terry* (1970) 2 Cal.3d 362, 398, an "admonition, had one been requested, would obviously have clarified the ambiguity." Accordingly, we conclude this issue was forfeited by defendant's failure to request an admonition to the jury.

The parties agree the abstract of judgment does not accurately reflect the conduct credits awarded by the court at the time of sentencing and the abstract of judgment must be modified.

## DISPOSITION

The judgment is affirmed.  The cause is remanded to the trial court, which shall cause preparation and distribution of an amended abstract of judgment reflecting an award of 26 days of conduct credit.