Reed v. Harper.

## REED v. HARPER.

Slander: DRUNKENNESS NO DEFENSE. The fact that the defendant in an action of slander was intoxicated at the time of speaking the slanderous words, constitutes no defense to the action.

*Appeal from Linn District Court.*

WEDNESDAY, JUNE 10.

ACTION for slander. Jury trial. Verdict and judgment for plaintiff for seven hundred dollars. The defendant appeals.

*I. M. Preston & Son* and *Isaac Cook* for the appellant.

*Thomas Corbett, Henry O'Connor, N. M. Hubbard* and *R. D. Stephens* for the appellee.

COLE, J. — The defendant is charged to have spoken of the plaintiff, " he is a damned thief, he stole from me;" SLANDER: and also, " he swore to a lie at Marion, and I drunkeness no defense. can prove it." The petition avers, that before the speaking of the words last specified, there had been a suit pending in the District Court of Linn county, at Marion, between these parties, wherein the plaintiff was sworn and testified as a witness. The evidence showed the speaking of the words and the pendency of the suit. The defendant testified, that at the time he was charged to have spoken the words, " he was for the first time in a

fix, that he did not know what he was about, and that he had no recollection of what was said or took place there, or how he got home."

The only point insisted on in argument is, that the court should have instructed the jury that if they believed from the evidence, that the defendant was so intoxicated at the time he spoke the words, that he did not know what he was about, the plaintiff could not recover. The court did not so instruct, but did instruct the jury, that it is no sufficient cause to defeat the action if it appears that the defendant was drunk when he uttered the words, if he did utter them; but in considering the amount of the verdict, it was their duty to consider all the facts and circumstances attending and surrounding the speaking of the words. In this the court did not err. Drunkenness will not excuse a slander. *McKee* v. *Ingalls*, 4 Scam. 30.

As to the other errors assigned, but not insisted on in argument, we may say, that we have examined them *seriatim*, and find no error to defendant's prejudice.

Affirmed.