[No. 9875.  In Bank. — November 12, 1887.]

## LOUIS ST. ORES, Respondent, v. JOHN McGLASHEN, Appellant.

Assault and Battery — Exemplary Damages — Evidence. — In an action to recover damages for an assault and battery, it is not necessary, in order to warrant the jury in awarding exemplary damages against the defendant, that they should be satisfied beyond a reasonable doubt that the assault and battery was maliciously committed. In such a case, a preponderance of evidence is all that is necessary to warrant the finding.

Id. — Instructions — Intoxication of Defendant — Malice — Intent. — In an action to recover damages for an assault and battery, the defendant requested the court to instruct the jury that when the intoxication of the defendant "is alleged, as it is here alleged, for the purpose of inflaming the damages sought to be recovered, . . . . and to make them not only compensatory, but vindicatory," then if the jury believed from the testimony that the defendant was so intoxicated that he did not know what he was doing, and was therefore incapable of forming any intent whatever, they should not assess exemplary damages, but confine their verdict to actual damages. The complaint did not allege that the defendant was intoxicated, and the evidence as to his intoxication was introduced by himself, and no instructions on the subject were given on behalf of the plaintiff. Held, that the instruction was properly refused: 1. Because it involved an unwarrantable assumption of facts; and 2. Because its effect was to charge the jury that exemplary damages could not be recovered unless the assault and battery was inflicted with intentional malice.

Id. — Exemplary Damages may be Awarded in Absence of Malice. — Under section 3294 of the Civil Code, the awarding of exemplary damages for tortious acts is not confined to cases in which malice on the part of the defendant appears.

Appeal from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Graves, Turner & Graves,* for Appellant.

*F. Adams,* and *V. A. Gregg,* for Respondent.

Searls, C. J. — This is an action to recover damages for an assault and battery committed by defendant.

Plaintiff had a verdict and judgment for eleven hundred dollars and costs. The appeal is from the judgment, and from an order denying a new trial.

The seventh instruction asked by defendant and refused by 'the court enunciated the proposition that before the jury could give exemplary damages against the defendant, they should be satisfied beyond a reasonable doubt that the alleged assault and battery committed by the defendant (if any), upon the plaintiff, was maliciously committed by said defendant.

The instruction does not embody the law as applicable to civil cases. A preponderance of evidence is all that is necessary to warrant a finding in such cases, and the rule that prevails in criminal cases, and which requires evidence to satisfy the mind beyond a reasonable doubt, has no place here. It follows that the instruction was properly refused.

The only other instruction refused, which it is claimed should have been given, is the third.

This instruction states in substance that, while intoxication is in itself no excuse or defense for the commission of a wrong, yet this goes only to the justification of the wrong; "but when it is alleged, as it is here alleged, for the purpose of inflaming the damages sought to be recovered against the defendant for that wrong, and to make them not only compensatory, but vindicatory," etc., then, and in such a case, if the jury believed from the testimony that defendant was so intoxicated that he did not know what he was doing, and was therefore incapable of forming any intent whatever, they should not assess exemplary damages, but confine their verdict to actual damage.

The complaint does not charge or show that defendant was intoxicated, and the statement shows affirmatively that the testimony as to intoxication was introduced by defendant.

No instructions on the subject were, so far as appears,

offered or given on behalf of plaintiff. The statement in defendant's instruction, therefore, that intoxication of the defendant was alleged for the purpose of inflaming the damages, involved an assumption of facts not warranted by the record, and the instruction was properly refused for that cause, if for no other.

The fact that a tort was committed while a defendant was intoxicated is no excuse whatever. This has been held in actions for slander. It is conceivable, however, that the amount of the recovery might be considerably affected by showing that the wrong was committed under such conditions that no one would have been likely to attach importance to the utterances." (Cooley on Torts, p. 114; *McKee* v. *Ingalls*, 5 Ill. 30; *Reed* v. *Harper*, 25 Iowa, 87; 95 Am. Dec. 774.)

In the last case cited the court refused to instruct the jury " that, if they believed from the evidence that the defendant was so intoxicated at the time he spoke the words [it being an action for slander] that he did not know what he was about, the plaintiff could not recover." The court refused to so charge, but instructed the jury that it was their duty to consider all the facts and circumstances attending and surrounding the speaking of the words, and its action in that behalf was upheld.

In cases of tort, exemplary damages are not confined to cases in which malice on the part of defendant appears.

Section 3294 of the Civil Code provides that,

" In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

It will be observed that malice is but one of several causes for which examplary damages may be given, yet

the instruction as asked would make it the sole cause, and its absence conclusive of plaintiff's right to recover exemplary damages. Many of the statements contained in the instruction are correct as propositions of law, but the clause which would make the question turn upon the absence of intentional malice restricts the question to too narrow limits, and the instruction was properly refused.

The case as presented by the evidence shows a wanton attack by defendant upon an aged cripple, and the perpetration of personal injuries fully warranting the verdict, independent of all question of exemplary damages.

The judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., SHARPSTEIN, J., PATERSON, J., McKINSTRY, J., and THORNTON, J., concurred.