[Crim. No. 1328. Second Appellate District, Division One.—June 22, 1926.]

# THE PEOPLE, · Respondent, v. PARKER SINGH, Appellant.

[1] CRIMINAL LAW—MURDER—CAUSE OF DEATH—REMARKS OF TRIAL JUDGE — PREJUDICE. — In a prosecution for murder, the evidence having shown that defendant, after having shot a certain individual, struck him on the head with an ax as he lay on the ground, the remarks of the trial judge, in connection with a question asked a witness if the wounds so inflicted upon the body of said individual were sufficient to have caused death (to which question defendant objected on the ground that no sufficient foundation had been laid), to the effect that, "I don't think it requires any further evidence than that he found a man's skull crushed and his brains dashed out as to what caused his death," were prejudicial to defendant.

[2] ID.—EXHIBITION OF GUN—REMARK OF TRIAL JUDGE—INTERPRETATION OF.—In such prosecution, where the defendant's counsel, in connection with their attempt to introduce evidence that the deceased was known to carry a gun, that deceased had threatened others with a gun, and that such facts had been communicated to the defendant, stated it was in evidence that two men jumped at or toward defendant and that a witness said "jumped on" defendant, the remark of the trial judge made immediately thereafter that "after he had exhibited a gun," is capable of the explanation that the judge was merely saying that the witness said "after he had exhibited a gun," and not that the defendant had exhibited a gun, and so viewed, the remark resulted in no harm to the defendant.

[3] ID.—DEFENSE—EVIDENCE—REMARKS OF TRIAL JUDGE—PREJUDICE. In such prosecution, the statements of the trial judge addressed to defendant's counsel that "you have not proved that anybody jumped on him" (referring to defendant), that defendant had no defense if he had no evidence of greater force or of substantiality than that which he had already introduced, and that "if there is any evidence offered of self-defense, the court will permit you to recall the witness, but at this time it is immaterial," were prejudicial to defendant.

[4] ID.—EXPRESSIONS BY JUDGE—INSTRUCTION TO DISREGARD—INSUFFICIENCY OF.—In such prosecution, the fact that in the course of the instructions the judge told the jury that it was the sole judge of the evidence, and that any seeming expression of opinion

thereon by the court should be disregarded by the jury, was insuf-
ficient to remove the damaging effects which had been induced by
reason of the attitude and the plainly spoken words by the judge
during the trial.

[5] ID.—MISCONDUCT—ABSENCE OF ASSIGNMENT—EFFECT OF.—Even
though it may appear that the attention of the court was not
directed to the alleged impropriety and though the criticised re-
mark was not assigned as misconduct, if the objectionable remark
was of such a character that its harmful effect could not be
obviated by any retraction or instruction, the failure to make
such assignment of misconduct would not affect the rights of the
injured party.

[6] ID.—HABIT OF DECEASED TO CARRY GUN—THREATS—KNOWLEDGE—
EVIDENCE—PREJUDICE.—In such prosecution, the defendant had
the right to introduce evidence to the effect that deceased was
in the habit of carrying a gun, that he had threatened others
with a gun, and that such facts were communicated to defendant
prior to the killing, and defendant was substantially prejudiced
by reason of the refusal of the trial court to permit such evidence
to be introduced.

(1) 16 C. J., p. 833, n. 85, 95, p. 834, n. 1.   (2) 16 C. J., p. 833,
n. 94.   (3) 16 C. J., p. 833, n. 94.   (4) 17 C. J., p. 297, n. 11 New.
(5) 17 C. J., p. 181, n. 20.   (6) 30 C. J., p. 231, n. 28.

APPEAL from a judgment of the Superior Court of River-
side County and from an order denying a new trial. M. W.
Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

Edgar B. Hervey and O. V. Willson for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy
Attorney-General, and Ernest R. Utley, District Attorney,
for Respondent.

HOUSER, J.—Defendant appeals from a judgment of con-
viction of murder in the first degree, from which resulted
a sentence of life imprisonment, and from an order deny-
ing his motion for a new trial.

Very briefly, from the evidence adduced at the trial it
appears that defendant had charge of the growing of a crop

5. See 8 Cal. Jur. 612.

of lettuce on a large ranch belonging to a man named Victor R. Sterling, who was receiving financial assistance in the enterprise from one John B. Hager, in whose employ was a man by the name of William R. Thornberg. On March 31, 1925, some controversy occurred between defendant on the one side and Hager and Thornberg on the other regarding some detail of the work of harvesting the crop of lettuce. The next day Hager and Sterling had some further conversation and apparent difficulty with defendant, following which defendant fired a pistol at Sterling, who attempted to escape by running away, but who was pursued by defendant and by him killed by a second shot from the pistol near the place where the first shooting occurred. Defendant then ran after and overtook Hager, whom he also killed by shooting him with the pistol. Defendant then took an ax and with it crushed the heads of both Sterling and Hager. Immediately thereafter defendant drove a distance of five or six miles to a town where Thornberg was employed and made an unsuccessful attempt to kill him by shooting him with the same pistol.

[1] Appellant's first assignment of error is that, to the prejudice of defendant, the judge of the trial court was guilty of misconduct during the trial in that it having been proved that defendant had shot John B. Hager and afterward had struck him on the head with an ax as he lay on the ground, a witness was asked if the wounds so inflicted upon the body of Hager were sufficient to have caused death, to which question counsel for defendant objected on the ground that no sufficient foundation had been laid. Whereupon the judge of the trial court remarked: "I think that would be a matter requiring technical evidence; but so far as the other wounds are concerned, I don't think it requires technical evidence. I don't think it requires any more evidence than you already have in. I don't think it requires any further evidence than that he found a man's skull crushed and his brains dashed out, as to what caused his death."

Defendant excepted to the remarks of the judge of the trial court and requested that the jury be instructed to disregard such remarks, which request was by the court denied. Although another witness testified to facts from which the jury might have inferred that Hager was dead at the time

his head was crushed with the ax, the witness who was testifying at the time of the remarks to which objection was made later testified that ''if he (Hager) had been alive up until the time his head was crushed, then that might have caused his death,'' and a phyician testified that such crushing of the skull would cause instant death.

The prejudice which resulted to defendant's cause by reason of the statement made by the judge was that it may have been taken by the jury as an indication of a belief in the mind of the judge that the blow struck by the ax in the hands of defendant was the cause of Hager's death—the effect of which, so far as the comment by the judge of the trial court on the facts of the case was concerned, was that in the opinion of such judge they showed that after defendant had shot Hager and while he was lying helpless, defendant had killed him by striking him on the head with an ax. The effect of the remark was further prejudicial in that it tended to show a belief in the mind of the judge of the trial court that the death of Hager resulted from malice aforethought, as indicated by the wilful, deliberate, and premeditated act of defendant in crushing Hager's head with an ax after he had fallen from the pistol shot—thus affecting defendant's right to have the jury determine, first, whether defendant was guilty of any crime; and, secondly, if at all guilty, what degree of murder; or, if not murder, whether manslaughter had been committed by defendant in killing Hager by shooting him.

The second charge of misconduct on the part of the judge of the trial court consists in that at a time when counsel for defendant were attempting to impeach a witness introduced by the prosecution by reading to such witness a portion of certain testimony given by him on the trial of defendant for the murder of Victor R. Sterling, in response to an objection thereto by the district attorney to the effect that such former testimony of the witness did not tend to impeach him, the trial judge said: ''I know that it does not tend to impeach the testimony of this witness.'' An exception thereto was taken by counsel for defendant and a request made to the court that it instruct the jury to disregard the statement. An examination of the record would lead to the conclusion that at least some inconsistencies existed in the two statements of the witness to which reference has been had—

notwithstanding which, the probability is that the statement made by the trial judge referred to nothing more than the absence, in his opinion, of an impeaching quality in the offered evidence—just as would have been inferable from a ruling by him of "objection sustained." The particular testimony given by the witness, in connection with the remark made by the judge of the trial court, was of itself of no great importance. It is possible, though scarcely probable, however, that the remark made by the trial judge may have produced an effect upon the minds of the jurors so far as the remainder of the testimony given by the witness was concerned, and thus may have adversely affected the defense of defendant.

[2] A third specification of misconduct on the part of the trial judge is that at a time when defendant was endeavoring to introduce evidence to the effect that Hager was known to carry a "gun"; that he had threatened other persons with a "gun"; and that prior to the time when Hager was killed such facts had been communicated to defendant— and in connection with such attempt to introduce said testimony, counsel for defendant had stated that evidence had already been introduced showing that Hager had "jumped at, or toward, or on defendant," and the judge of the trial court remarked, "after he (defendant) had exhibited a gun"—to which remark counsel for defendant excepted and requested an instruction to the jury that it disregard same.

Without reference at this time to the question of the admissibility of the proposed evidence, it is nevertheless apparent that a bald statement by the judge of the trial court, in substance that Hager had jumped at, or toward, or on defendant after defendant had exhibited a "gun," if considered as made gratuitously and without consideration of either the context or the circumstances surrounding the making of such remark, would constitute a comment by the court on the evidence in the case which might injuriously affect defendant's defense or self-defense, or weigh with the jury in the determination of the degree of murder, or whether manslaughter only had been committed by defendant. But in connection with the statement of which complaint is made the transcript of the proceedings had on the trial of the action shows, among other things, the following:

"Mr. Hervey (attorney for defendant): It is already in evidence that the two men jumped at or towards Parker Singh. The witness said 'jumped on Parker Singh,' whatever that may be.

"The Court: After he had exhibited a gun."

With even so much of an explanation the language of the judge of the trial court is capable of the explanation that the judge was merely saying that the witness said "after he had exhibited a gun," and not that the defendant had exhibited a gun. So viewed, it is clear that the remark credited to the trial judge resulted in no harm to the defendant.

[3] In connection with the specification of misconduct last considered and as a part of the same incident, appellant directs attention to alleged additional judicial misconduct in that after some considerable discussion was had among counsel and the court, the trial judge stated that, "You haven't proved that anybody jumped on him"; to which remark defendant excepted and made the usual request that the jury be instructed to disregard it, but to which request no attention was paid by the trial court. Immediately thereafter and following a direction by the court for counsel to "proceed with the case," counsel for defendant stated: "If your Honor is going to exclude all of the evidence, I don't know whether we have any case or not"; to which statement the judge of the trial court rejoinded, "If you haven't any more than that, you haven't." Furthermore, in the course of the trial defendant introduced a witness by whom he was endeavoring to prove the general reputation of defendant in the community in which he lived "as a peaceful, law-abiding citizen." In sustaining an objection to testimony of such nature, the trial judge said: "Objection sustained at this time. If there is any evidence offered of self-defense, the court will permit you to recall the witness, but at this time it is immaterial."

Each of the foregoing comments by the judge of the trial court was of a persuasive nature, so far as the jury was concerned, and indicated that the judge considered very lightly any evidence introduced by defendant tending to establish either his legal innocence of any crime or to mitigate the offense. The statement that "you haven't proved that anybody jumped on him" had the effect of telling the jury that, no matter what testimony had been given by any of the witnesses

intrcduced by defendant, the jury should not believe that Hager or Sterling or any other person had so deported himself in connection with the particular incident under consideration as to admit of the conclusion that the defendant had been assaulted prior to the time when the fatal shot was fired. The damaging effect of the remark made by the trial judge, in substance that the defendant had no defense if he had no evidence of greater force or of substantiality than that which he had already introduced, is most apparent. It informed the jury that up to the time the remark was made, in the opinion of the judge, defendant had established no defense whatsoever, and suggested to the jury that any and all evidence which theretofore had been introduced, either by the People or by the defendant, which tended to show that a physical encounter provoked by Hager and Sterling had occurred between defendant on the one side and Hager and Sterling on the other, and that either defendant had acted in self-defense of his life or to prevent great bodily injury to himself, was of no consequence as a basis either for a complete defense to the accusation against him, or as affording any justification for a reduction of such charge by a verdict of murder in the second degree or of manslaughter. The same thing is true with reference to the final statement made by the judge of the trial court that "if there is any evidence offered of self-defense, the court will permit you to recall the witness; but at this time it is immaterial." Without saying so in so many words, there could be no misunderstanding that the thought which was intended to be conveyed by such statement was that any fact theretofore introduced in evidence by defendant had no tendency to show that in the course of the encounter between defendant on the one side and Hager and Sterling on the other, defendant had been justified from any standpoint, either in the one instance of adopting extreme measures in defense of his life or person, or in the other instance of committing manslaughter arising out of a sudden quarrel, or because of heat or passion.

The courts frequently have been called upon to express views with reference to the probable if not certain effect which remarks by a trial judge of the character of those herein adverted to have upon a jury. We refer particularly to the cases of *Green* v. *State,* 97 Miss. 834 [53 South. 415];

*McMinn* v. *Whelan,* 27 Cal. 300, 319; *People* v. *Williams,* 17 Cal. 142, 147.

In *People* v. *MacDonald,* 167 Cal. 545 [140 Pac. 256], the court said: "Under a system of law which prohibits judges from charging juries with respect to matters of fact (Const., art. VI, sec. 19), and which gives to the jury the exclusive power to determine the facts (Pen. Code, sec. 1126), the trial judge should, as has been often pointed out, use the greatest care to avoid, in the presence of the jury, any utterance which may be construed as an intimation of his opinion on the issues of fact which are to be determined by the jury (citing cases). . . . " See, also, *People* v. *Conboy,* 15 Cal. App. 97, 101 [113 Pac. 703] ; *People* v. *Pitisci,* 29 Cal. App. 727, 736 [157 Pac. 502]; *People* v. *Carder,* 31 Cal. App. 355 [160 Pac. 686] ; *People* v. *Frank,* 71 Cal. App. 575 [236 Pac. 189] ; *People* v. *Gordon,* 88 Cal. 422, 426 [26 Pac. 502].

In the instant case, with the thought impressed upon the minds of the several members of the jury that the judge presiding at the trial was thoroughly convinced that no legal defense had been introduced by defendant, the result was a foregone conclusion. **[4]** The fact that in the course of the instructions the judge told the jury that it was the sole judge of the evidence, and that any seeming expression of opinion thereon by the court should be disregarded by the jury was insufficient to remove the damaging effects which had been induced by reason of the attitude and plainly spoken words by the judge to which reference has been had. As suggested in the case of *People* v. *MacDonald,* 167 Cal. 545, 551 [140 Pac. 256], the "harmful result could not be obviated by any retraction or instruction. In such cases the misconduct will furnish ground for reversal, even though the court may have taken immediate steps to correct any impression improperly conveyed to the jury" (citing *People* v. *Derwae,* 155 Cal. 592 [102 Pac. 266]). See, also, *Smith* v. *D. Rothschild & Co.,* 13 Ga. 293 [79 S. E. 88].

**[5]** While it does not appear that exception was taken by defendant to some of the objectionable remarks by the judge who presided at the trial, as is ruled in *People* v. *Frank,* 71 Cal. App. 575 [236 Pac. 189], even though it may appear that the attention of the court was not directed to the alleged impropriety, and though such criticised remark was not assigned as misconduct, if the objectionable remark

was of such a character that its harmful effect could not be obviated by any retraction or instruction, the failure to make such assignment of misconduct would not affect the rights of the injured party. It is clear that defendant's substantial rights in the premises were seriously prejudiced by reason of the misconduct of the court. By every intendment of law the defendant in a criminal action is assured of a fair and impartial trial. Any intentional breach of such a constitutional guaranty, if recognized by our courts, would be a menace to our governmental institutions. That they may endure, justice must be done, and justice demands equal rights and protection to each citizen and institution in his or its several capacity. The rights of the defendant herein were seriously infringed. His redress, though inadequate, is by recognition of the error and by a consequent re-establishment in him of his original rights, including a new trial on the charge preferred against him.

[6] As has been hereinbefore mentioned, on the trial of the action defendant offered to prove that Hager was in the habit of carrying a "gun"; that on several different occasions, and within one month preceding his death, Hager had exhibited his "gun" to several different persons and had threatened them with it; and that such facts were communicated to defendant prior to the date when Hager was killed. Defendant's said offer of proof was rejected by the trial court, which action is herein specified as error. From a reading of the record herein it is apparent that the theory upon which the objection by the prosecution to the offered evidence was sustained was that it would be immaterial to the issue of insanity of defendant. But defendant was subject to no such restriction. He was entitled to interpose as many defenses as he saw fit, and if any fact within the knowledge of any witness was pertinent to any one or more of his several defenses, he had a right to properly submit it for the consideration of the jury. Assuming that the evidence already before the court tended to show that immediately before the shooting occurred Hager had "jumped at, or toward, or on" defendant; with knowledge in defendant that Hager was probably armed and that theretofore with a "gun" he had threatened other persons, the serious and legally pertinent question would arise as to whether in such circumstances, as a reasonable man, defendant would

be justified in believing that either his life was in danger or that great bodily harm would result to him by reason of conditions then and there existing. It is clear that so considered the offered evidence was admissible and that defendant was substantially prejudiced by reason of the refusal of the trial court to permit such evidence to be introduced.

Appellant specifies certain other errors occurring either at the trial or in connection therewith, and while the conclusions which have been reached as to matters heretofore considered herein render it unnecessary that a decision be reached as to any of such alleged errors, from such casual examination thereof as has been made, it may be said in passing that this court is not impressed with the correctness of any of appellant's said contentions.

The judgment and the order denying the motion for a new trial are reversed.

Conrey, P. J., and York, J., concurred.