## ENGER v KARAZIA

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10216.  Decided December 23, 1929

Messrs. Calfee, Fogg & White, Cleveland, for Enger.

Messrs. Clarke & Costello, Cleveland, for Karazia.

SULLIVAN, J.

We have examined the record for the purpose of ascertaining whether there is credible evidence to support the verdict and we find that while as to specific amounts and the dates of payment there is an indefiniteness which attracts attention, yet when we consider the whole record and the result of deductions made from the source of knowledge that was at plaintiff's disposal after years had elapsed, we find that there is a support in the record for monies turned over and unaccounted for, in the amount of $1260.00. As of 1920 we find that on one occasion there was $85.00 turned over, and on another occasion $33.00, making a total of $120.00 for that year. In 1918 we find that on one occasion $145.00 was turned over and $105.00 on another occasion, making a total of $250.00. In 1919 we find that $35.00 was turned over on one occasion and $75.00 on another occasion making a total of $110.00 for that year. In 1921 we find that on eight occasions $25.00 was paid and on fourteen occasions $30.00 was paid, making a total of $620.00 for that year. In 1924 $80.00 was paid and in 1926 $80.00 was paid, which makes up the total of $1260.00. As we have noted, as to the dates being specific we cannot say that the testimony reaches that point but yet we think it is definite enough to ascertain as far as human intelligence will allow us, that there was a total of $1260.00.

In order to recover, the evidence does not have to be specific and definite if it is of such a nature that mathematical deductions can be based upon the data sufficiently to reach the amount which the jury returned. Simply because the evidence was not specific does not mean that it was incompetent and neither does it mean that the result mathematically, at least approximately, was not ascertainable. At any rate we have come to the conclusion that there is sufficient foundation in the record for the judgment reached.

Upon the question of $600.00 for attorney fees and $1000.00 by way of penalty because of the rule respecting punitive damages, after an examination of the record it is our conclusion that the failure to account, under all the circumstances of the record, is just as attributable to poor bookkeeping or to inadvertence as it is to the so-called conversions being made because of wilfullness and malice. Our judgment leads us to the conclusion that upon the question of wilfulness and malice the evidence should be of a nature that is clear and convincing because the damages assessed are by way of punishment for the commission of a wilful and malicious thing and the doctrine, when such a principle is at stake, partakes of the nature of a criminal charge and for this

reason we think the record should satisfy us in a clear and convincing manner that the acts were wilful as well as malicious. We cannot come to such a conclusion and for this reason we think there is error growing out of the record as to the question of attorney fees and the question of penalty by way of punitive damages and thus holding we think that in these respects the verdict is excessive and therefore we modify it and the judgment of the court in these respects, and as so modified the judgment is affirmed and an entry may be accordingly.

Vickery, PJ., and Levine, J., concur.