[Civ. No. 7208. First Appellate District, Division One.—October 4, 1930.]

IRENE WARD, Respondent, v. PAUL DeMARTINI, Appellant.

Waldo F. Postel for Appellant.

Walter E. Hettman and Chauncey F. Eldridge for Respondent.

THE COURT.—An action to recover damages for personal injuries alleged to have been maliciously inflicted upon the plaintiff by the defendant. A jury returned a verdict against defendant for six thousand dollars, as compensatory, and one dollar as punitive, damages. A motion for a new

trial was denied, and defendant has appealed from the judgment.

The grounds of appeal are that the verdict is unsupported; that the court instructed the jury erroneously and also erred in admitting certain testimony; further, that remarks by the trial judge in the presence of the jury were prejudicial to defendant, and that excessive damages, appearing to have been given under the influence of passion or prejudice, were awarded against him.

The plaintiff was employed by the City Garbage Removal Company. Her duties consisted in procuring contracts for the removal of garbage, and in addition she rendered clerical services. The defendant was the secretary of the company, which maintained offices in the Clunie Building in San Francisco. It was testified that on November 10, 1927, an altercation occurred at the office of the company between the defendant and one Guido Braccini, the manager of the concern. Plaintiff, with another employee, was in an adjoining room when the altercation began. Hearing the noise she opened the door between the rooms and found the defendant beating Braccini with his fists. Braccini was the smaller man, and plaintiff attempted to separate the parties, whereupon the defendant attacked her. He pushed her back and struck her in the left groin with his knee. In addition to pain, the blow caused severe contusions, a paralysis of the femural nerve and a numbness and partial paralysis of the left leg. According to one physician her injuries will probably be permanent. Another testified that she may recover with proper treatment but that her recovery will be slow. The defendant denied that he struck or otherwise injured the plaintiff, and the evidence as to what occurred is conflicting. It was amply sufficient, nevertheless, to support the conclusion that plaintiff was wilfully injured by the defendant in the manner claimed and that her injuries are likely to be permanent.

The court instructed the jury that if the plaintiff went to the assistance of one being assaulted by another, and used no more force than was necessary to prevent the assault, she was acting within her legal right in preventing the commission of a public offense. Defendant claims that there was no evidence that a public offense was being com-

mitted and that the instruction was consequently erroneous. We think the evidence sufficiently shows that an offense was being committed by defendant at the time plaintiff intervened, and the instruction was proper.

The court also instructed that the jury might include in their verdict all costs reasonably incurred by the plaintiff in the treatment of any injuries she might have suffered, including medical and surgical charges; also, what they found she had lost by reason of her inability to pursue her employment, and the amount which she would be reasonably certain to lose in the future. Contrary to defendant's contention the instruction was in effect that plaintiff could recover only such expenses as were reasonable.

It is also urged that the instruction fails to state that damages allowed for loss due to her inability to pursue her employment must be those caused by her injuries. While plaintiff's injuries are not directly referred to in connection with her loss due to inability to pursue her employment, the court throughout was careful to confine the damage to the loss due to such injuries; and in concluding his instructions as to this character of damages said: "The damages thus far discussed with you are what is known to the law as compensatory damages. The word 'compensatory' may be said to be damages that will compensate the plaintiff for what she suffered as the result of her injury." We are of the opinion that there is no reasonable ground for believing that the jury was misled by the above or that the defendant was prejudiced.

It is claimed that there was no evidence to support a verdict for exemplary damages, and that consequently the court's instructions as to the facts which would justify such a verdict were erroneous. According to defendant's account of the occurrence there was no justification whatever for an assault upon the plaintiff, and under the circumstances shown the conclusion that the same was wanton and malicious would be fully supported. In view of the evidence the instructions were proper. (*St. Ores* v. *McGlashan,* 74 Cal. 148 [15 Pac. 452]; *Badostain* v. *Grazide,* 115 Cal. 425 [47 Pac. 1187]; *Bloomberg* v. *Laventhal,* 179 Cal. 616 [178 Pac. 496].) Moreover, the case is one where the maxim

*de minimis non curat lex* applies. (*Moore* v. *Boyd,* 74 Cal. 167 [15 Pac. 670].)

There is no merit in the further claim that by reason of the insufficiency of the evidence instructions as to compensatory damages were also erroneous. In a general instruction on the subject of damages the jury was told that before awarding plaintiff damages on account of future physical or mental suffering they must be practically certain that she would so suffer as a result of the injury. It is claimed that a jury must be reasonably certain in such cases, and the instruction was consequently erroneous. In another part of the same instruction, however, in referring to future loss the jury were charged that they must be reasonably certain. It is manifest that the words were used in the same sense, and there is no reason to conclude that the jury was misled.

The court admitted evidence of defendant's financial condition. The complaint alleged and the evidence tended to show that the assault was wanton and malicious, and exemplary damages were claimed. Under such circumstances the evidence was properly admitted. (*Marriott* v. *Williams,* 152 Cal. 705 [125 Am. St. Rep. 87, 93 Pac. 875].)

Likewise we find no merit in the claim that the damages awarded were excessive and appear to have been given under the influence of passion or prejudice, as the amount allowed was fully justified by the character of plaintiff's injuries.

Finally it is urged that remarks by the court were prejudicial to defendant. The plaintiff testified that in her work as a solicitor of contracts for the garbage company she called on many persons each day; and the court remarked, "I have no doubt that being engaged in the work of soliciting involves a great deal of walking." Again, she testified that with two exceptions she had no occupation since the alleged assault, and that since 1927 she had been living with her sister, whereupon the court remarked, "She stated at the time she had been with her sister. I know she lived a respectable and reputable life wherever she lived." It has been held error for the trial court to express an opinion that the witness is a person of respectability, and such irregularities have been repeatedly disapproved. (*McMinn*

v. *Whalen,* 27 Cal. 300; *Estate of Blake,* 136 Cal. 306, 311 [89 Am. St. Rep. 135, 68 Pac. 827]; *Abbott* v. *Coronado Beach Co.,* 55 Cal. App. 179 [203 Pac. 145].) Nevertheless, as held in the following cases, it was the duty of the defendant to promptly call attention to the impropriety of the remarks in order to give the court an opportunity to prevent by a proper instruction, any prejudicial effect upon the jury; and where there is a failure to do so the claim of misconduct will not be considered on appeal unless the conduct complained of was such that a harmful result could not be obviated by an instruction. (*People* v. *Abbott,* 101 Cal. 645 [36 Pac. 129]; *People* v. *Derwae,* 155 Cal. 592 [102 Pac. 266]; *People* v. *MacDonald,* 167 Cal. 545 [140 Pac. 256]; *People* v. *Mahoney,* 201 Cal. 618 [258 Pac. 607]; *People* v. *Frank,* 71 Cal. App. 575 [236 Pac. 189]; *People* v. *Singh,* 78 Cal. App. 438 [248 Pac. 986]; *People* v. *Weeks,* 104 Cal. App. 708 [286 Pac. 514].) Nor has the rule been changed by the decision in *Berguin* v. *Pacific Elec. Ry. Co.,* 203 Cal. 116 [263 Pac. 220]. While certain language in that case, taken alone, might be construed to have that effect, the facts show that the misconduct there considered was such that its harmful effect could not have been removed by an instruction. No reference in this connection was made to the above cases, and it was manifestly not the intention to overrule the same or depart from the established doctrine. ▇▇▇ Here no exception was taken to the remarks of the court and the same were not assigned as misconduct. We cannot say that any harmful effect upon the jury could not have been removed by instructing them to disregard the remarks. In this connection, however, the record shows that the court instructed that questions of fact were solely for the jury's consideration, and that the court had no right to suggest, and did not suggest, what facts had been established in the case. ▇▇▇ Notwithstanding error or misconduct, in order to justify the reversal of a judgment the court must be of the opinion after an examination of the entire cause, including the evidence, that the same resulted in a miscarriage of justice. (Const., art. VI, sec. 4½.) After such an examination we are satisfied that the verdict of the jury was fully sustained by the evidence, and that nothing com-

plained of by defendant warrants the conclusion that the same resulted in a miscarriage of justice.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 3, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1930.