140

JOHNSON, APPELLANT, *v.* STACKHOUSE OLDSMOBILE, INC., APPELLEE.

(No. 70-601—Decided July 7, 1971.)

*Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. John H. Ranz*, for appellant.

*Mr. Edward Roberts* and *Mr. John Vaporis*, for appellee.

DUNCAN, J. The sole question presented by the parties for our determination is whether the trial court erred in instructing the jury that it could award punitive damages upon the basis of a finding of malice by the greater weight of the evidence. We believe that such instruction was correct.

In *Roberts* v. *Mason* (1859), 10 Ohio St. 277, this court stated in the first paragraph of the syllabus, in part, as follows: "In an action to recover damages for a tort which involves the ingredients of fraud, malice or insult, a jury may go beyond the rule of mere compensation to the party aggrieved and award exemplary or punitive damages." See, also, *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414.

Though this burden of proof issue is one of first impression for us, we find guidance in *Household Finance Corp.* v. *Altenberg* (1966), 5 Ohio St. 2d 190. There, this court articulated the distincton between actions based on fraud seeking equitable relief, and those seeking only money damages. The former requires "clear and convincing evidence" to sustain an equitable action. Other civil actions, however, even if their basis is in fraud, require proof only of a preponderance of the evidence, as "there is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence." *Jones Stranathan & Co.* v. *Greaves* (1874), 26 Ohio St. 2, 4.

In *Enger* v. *Karazia* (1929), 8 Ohio Law Abs. 69, the Court of Appeals for Cuyahoga County decided that punitive damages will not be assessed except on clear and convincing evidence. We do not share the opinion expressed in that case that the award of punitive damages is so akin to a criminal sanction that reason dictates that a higher

than ordinary standard of proof in such civil cases is required.

Notwithstanding there are certain instances when a trial judge is required to charge the same jury concerning more than one standard of proof, a rule of law which tends to minimize rather than promote confusion is desirable— if such a rule does not do violence to the judicial product. We believe that a jury has the ability to determine whether the facts necessary to support punitive damages are present—by the greater weight of the evidence—without the loss of their reason to passion or prejudice.

The elements necessary to entitle a plaintiff to an award of punitive damages in an action for money only must be proved by a preponderance of the evidence. The creation of a special rule for the proof of facts to justify an award of punitive damages as an exception to the general rule requiring a preponderance of evidence in a civil action for money only is not tenable. In so holding, we find our view consistent with that taken by other courts which have passed on this specific issue. See *Eutaw Ice, Water, and Power Co.* v. *McGee* (1919), 16 Ala. App. 652, 81 So. 144; *St. Ores* v. *McGlashen* (1887), 74 Cal. 148, 15 P. 452; *Elliot* v. *Van Buren* (1875), 33 Mich. 49, 20 Am. Rep. 668.

We note that the trial court charged on the burden of proof necessary to establish the rescission of a contract. It is difficult to appreciate the relevancy of this aspect of the charge. In any event, the record does not reveal it to be prejudicial.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.