IN RE APPEAL OF SINGLE COUNTY DITCH NO. 1537.

(No. 13-86-37—Decided May 3, 1988.)

*Buchanan & Stotzer* and *J. Vincent Buchanan,* for appellants.

*Steve C. Shuff,* prosecuting attorney, for appellee.

COLE, J. This is an appeal by Donald Holmer et al., property owners, from a judgment of the Court of Common Pleas of Seneca County denying their request to dismiss the petition of the Seneca County Board of County Commissioners ("board") to improve the Royer Single County Ditch.

Donald Holmer and other landowners filed a petition for improvements of the Royer Ditch under R.C. 6131.04. After reviewing the preliminary estimate of the cost of the proposed improvement by the county engineers and conducting a hearing, the board approved the petition.

Pursuant to R.C. 6131.25, Holmer et al. appealed to the Court of Common Pleas of Seneca County for a dismissal of the petition for improvement of the ditch. The trial court conducted a *de novo* hearing pursuant to R.C. 6131.30 and found in favor of the board.

The appellants now appeal, asserting two assignments of error. The first assignment of error is stated as follows:

"The trial court committed substantial and prejudicial error by holding that the standard of proof for appellants to succeed in the trial of the issues raised by their appeal was the clear and convincing standard rather than the preponderance of the evidence standard."

R.C. 6131.30 states in pertinent part:

"The court of common pleas, on appeal, shall hear the matters appealed de novo. The proceedings shall be conducted under the rules of law and procedure for civil cases. An appeal shall bring into the court all the owners who in any way may be interested in or affected by the matter appealed. *The court, exercising equitable jurisdiction,* shall hear all matters appealed, except an appeal from an order allowing or refusing to allow compensation or damages. * * * On appeal, the burden of proof shall be on the owner having the affirmative of the proposition * * *." (Emphasis added.)

Further, in the determination of the cause, the statute states in part:

"The court may view the premises the same as views in other civil cases and shall make such judgment, order, or decree as is warranted by the evidence. Any owner aggrieved by the judgment, order, or decree may appeal for a review of said proceedings, the same as in other civil cases. On appeal the burden of proof shall be on the owner having the affirmative of the proposition, who shall have the opening and closing. The court, exercising equitable jurisdiction, shall bring the entire proceedings before it in order to determine all the issues raised in the proceedings and enter a final judgment, order, or decree for or against the improvement petitioned for and for or against the assessments to be levied and the compensation and damages to be paid."

From these various references the appellee asserts that there is necessarily implicit a requirement that the burden of proof placed by the statute on the owner having the affirmative of the proposition, *i.e.,* the appellants, must be met by clear and convincing evidence. The common pleas court utilized this degree of proof in its determination of the cause below. In its journal entry, the court stated:

"* * *[T]he court finds that with respect to this particular petition of the Seneca County Board of County Commissioners that at this stage of the proceedings the costs do not exceed the benefits. Appellants have failed to establish by clear and convincing evidence that other effective, less expensive methods exist to improve the Royer Single County Ditch * * *."

A court speaks only through its journal, but pronouncements from the bench during the course of a trial are also, in effect, judgments of the court although as to interlocutory matters. The trial court stated: "Apparently, the law is that clear and convincing evidence is the basic rule in equity cases and if that is so, that is the standard of proof we will apply."

Apparently, then, the trial court by its journal entry resolved any ambiguity.

The appellee now asserts that because the legislature made the common pleas court a court of equity, for purposes of this *de novo* hearing, that this necessarily requires that proof be by the clear and convincing standard, asserting essentially that this quantum of evidence is required in all equity cases.

This, however, does not appear to be the case. In 44 Ohio Jurisprudence 3d (1983) 450, Evidence and Witnesses, Section 1036, it is said:

"The Ohio courts have not undertaken to lay down any general rule for the determination of the issues or matters that must be proved by 'clear and convincing' evidence. This requirement seems for the most part to be confined to cases wherein the claim made, or the defense asserted, is contrary to the natural and reasonable inference, especially where a claim is made to defeat or modify the plain provisions of a written instrument. * * *"

This does not indicate that all equitable actions require proof by clear and convincing evidence, nor can we see that the general test proposed would have any application to a ditch proceeding; there is no natural or reasonable inference *per se* that a ditch should or should not be improved. Fraud cases are a possible exception, and even in fraud cases there is a diversity of opinion. In cases involving reformation of written instruments, there is a natural inference that that which was written was intended. 44 Ohio Jurisprudence 3d, *supra,* at 466.

Moreover, in Ohio it is a general rule that "* * * an issue in a civil case may be sustained by evidence which preponderates in its favor, though those are, as shown in the succeeding sections, a number of issues and facts which must be sustained by proof of a higher degree." 44 Ohio Jurisprudence 3d, *supra,* at 446.

We find in the succeeding sections of this article no generalization that equitable actions as such and *per se* are exceptions to this rule. In 30 American Jurisprudence 2d (1967) 337, Evidence, Section 1163, this rule is re-iterated as of general application in civil cases.

"Civil actions" are defined in the Civil Rules wherein it is stated at Civ. R. 2:

"There shall be only one form of action, and it shall be known as a civil action."

In R.C. 6131.30, cited above as controlling ditch proceedings, it is said:

"The proceedings shall be had under rules of law and procedure for civil cases."

Thus, we would conclude we are here concerned with a civil action as distinguished from a criminal action, but one which has a special procedure, being in part governed by the specific provisions of the statute and in part by the Civil Rules. However, we find generally no exception as to the rule requiring only a preponderance of evidence, and stating that equity actions *per se* (which are normally considered civil actions governed by the Civil Rules) are an exception to this rule. 30 American Jurisprudence 2d (1967) 344, Evidence, Section 1167.

Thus, in the absence of such authority and specific holdings as to equity actions generally, we find no ground for an inference that simply because the statute appears to explicitly make the ditch proceeding an equitable proceeding, it also dictates a special degree of proof, or quantum of evidence.

Moreover, we are cited to no clear authority for such special degree of proof. In *Johnson* v. *Stackhouse Oldsmobile, Inc.* (1971), 27 Ohio St. 2d 140, 56 O.O. 2d 78, 271 N.E. 2d 782, to which appellee makes reference, the court was not speaking of equitable actions generally, but of actions based on fraud seeking equitable relief which the court indicates requires a special degree of proof, and continues by saying, " '* * * there is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence.' " *Id.* at 142, 56 O.O. 2d at 79, 271 N.E. 2d at 784.

Thus, it is not an equitable action generally which requires a special degree of proof, but rather a fraud action in equity, a narrow case within the broad category.

In *In re Joint County Ditch* (1952), 92 Ohio App. 249, 49 O.O. 343, 110 N.E. 2d 144, the court, speaking of the finding of the trial court, said:

"* * * In that court the petitioners had the burden of establishing by a preponderance of the evidence each and all the statutory requirements, excepting compensation for property taken and damages sustained by the

owners." *Id.* at 260, 49 O.O. at 349, 110 N.E. 2d at 150.

In *In re Single County Ditch* v. *Wood Cty. Bd. of Commrs.* (1952), 157 Ohio St. 446, 47 O.O. 330, 105 N.E. 2d 873, the trial court apparently used the preponderance of the evidence test, but the Supreme Court did not explicitly deal with this issue.

Thus, the available authority is not too helpful. However, we believe the general proposition quoted above that the requirement of a special degree of proof is "confined to cases wherein the claim made or the defense asserted is contrary to the natural and reasonable inference" is an appropriate guideline for decision. There is, as we have noted, no natural or reasonable inference involved in a ditch proceeding. Either it is necessary to proceed or it is not; either the costs are greater than the benefits or not, etc. When a contract or deed is committed to writing there is a certainty and sanctity inherent in this fixed form. There is a natural and most reasonable inference that the document correctly embodied the agreement or action of the parties. In a ditch proceeding there is no such natural inference.

As to a general statement of policy as to special degrees of proof (but involving jury cases), see *Household Finance Corp.* v. *Altenberg* (1966), 5 Ohio St. 2d 190, 34 O.O. 2d 348, 214 N.E. 2d 667.

It is our conclusion that the general requirement of civil actions requiring a simple preponderance of evidence should prevail. Because the trial court here used the extraordinary requirement of clear and convincing evidence, its findings of fact, at least in some material instances, could necessarily be erroneously limited or determined to the prejudice of the appellants.

The assignment of error is welltaken.

Our action on this assignment in effect disposes of this appeal and requires remanding the cause for a new trial on the issues presented. However, in compliance with App. R. 12(A), we pass upon the additional assignments of error asserted in the following section.

The next assignment of error is stated as follows:

"The trial court misconstrued or misconstructed various sections of O.R.C. Chapter 6131 thereby causing prejudicial error to appellants and resulting in a decision contrary to appellants."

1. It is asserted that the trial court erroneously construed the terms "necessity of the improvement."

R.C. 6131.25 reads as follows:

"Any affected owner may appeal to the court of common pleas within twenty-one days of the date that any order was issued by the board of county commissioners, as provided in sections 6131.01 to 6131.64 of the Revised Code, and may appeal any one or more of the following questions:

"(A) Is the improvement necessary?

"(B) Will the improvement be conducive to the public welfare?

"(C) Is the cost of the improvement greater than the benefits conferred?

"(D) Is the route, termini, or mode of construction the best to accomplish the purpose of the improvement?

"(E) Are the assessments levied according to benefits?

"(F) Is the award for compensation or damages just?

"The appeal may be taken from any order affecting any part of the improvement as well as from any order affecting the entire improvement."

Appellants assert that the word "necessary" applies to the entire improvement as proposed and not to a

partial necessity. They cite the following statements in the journal entry of the trial court to establish that that court found only some of the improvements proposed to be necessary:

(a) At page 237 of the transcript the trial court was not making a conclusive finding, but was questioning a witness.

(b) At page 2 of the judgment entry the court makes a finding of fact "That improvements are necessary." It is contended that this does not say all the proposed improvements are necessary.

However, previously the trial court in its entry had stated the issue to be "whether the proposed improvements are necessary," and refers in findings of fact 2 and 4 to the proposed improvements and states as his conclusion that "there is a definite necessity to improve the Royer Single County Ditch * * *." Taken in full context we conclude that the trial court was speaking of the entire project and determined the entire proposed improvement was necessary.

2. The appellants object that the trial court failed to address the issue of termini.

The trial court made no findings of fact or conclusions of law respecting termini. Under R.C. 6131.25(D), quoted above, this is one of the questions which may be and which was raised by the notice of appeal. The appellee contends no "serious issue was raised as to the termini." However, the issue was raised and necessarily was before the trial court for determination. There was a duty placed on the trial court to address the issue and make its finding therein. This portion of the assignment is well-taken.

3. It is asserted that the trial court in its conclusions of law stated that "[t]he court must ascertain whether the Seneca County Board of Commissioners' petition should be granted pursuant to R.C. 6131.04." This section mandates that the court "shall do all things that sections 6131.01 to 6131.64 of the Revised Code provide that the county commissioners shall do."

It is objected that this indicates a confusion by the trial court between a petition filed by the commissioners which is, under R.C. 6131.04, heard initially by the common pleas court, and a petition by landowners under that section presented to the county commissioners for determination (which was here done) and then appealed to the common pleas court under R.C. 6131.25 heretofore quoted.

It, however, appears that in fact the trial court proceeded in the proper manner and that the misinterpretation of the statute, if any, was not prejudicial in view of the requirement that, in any event, a *de novo* hearing be conducted.

The assignment of error is not well-taken.

4. It is objected that the trial court determined that "appellants have failed to establish by clear and convincing evidence that other less expensive methods exist to improve" the ditch. This expressly embodies the erroneous quantum of evidence concept with which we were concerned in Assignment of Error I and is for the same reasons well-taken.

For the reasons stated the judgment of the trial court is reversed and this cause is remanded to the Common Pleas Court of Seneca County for further proceedings.

*Judgment reversed*
*and cause remanded.*

MILLER and SHAW, JJ., concur.